## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

SHAWN HORNBECK and MONTE
BURGESS, each on behalf of himself
and others similarly situated,

      Plaintiffs,

v.

ORSCHELN FARM AND HOME, LLC
d/b/a ORSCHELN FARM AND HOME

and

CITGO PETROLEUM CORPORATION,

      Defendants.

Case No. 18-cv-941

State Case No. 18CA-CC00106

### NOTICE OF REMOVAL

Defendant, CITGO Petroleum Corporation ("CITGO"), by and through its undersigned counsel, hereby gives notice of its removal of the state civil action filed in the Circuit Court of Cass County, Missouri, Case No. 18CA-CC00106, to the United States District Court for the Western District of Missouri, pursuant to 28 U.S.C. 1332, 1453 and 1446, and states the following grounds for removal:

1.      On or about May 25, 2018, Plaintiffs filed their Class Action Petition entitled *Hornbeck et al. v. Orscheln Farm and Home, LLC*, Case No. 18CA-CC00106, in the Circuit Court of Cass County, Missouri (the "Cass County Action").

2.      On July 5, 2018, Defendant Orscheln Farm and Home, LLC timely filed its Answer. On August 10, 2018, CITGO timely filed its Answer.

3.     On or about August 10, 2018, Plaintiffs served their first set of requests for production and interrogatories on CITGO.

4.     On November 21, 2018, CITGO served amended responses to Plaintiffs' first requests for production, which included producing information in response to Plaintiffs' proposed putative class.

5.     Removal is therefore timely under 28 U.S.C. § 1446(b) because this Notice is filed within 30 days after receipt of paper from which it may first be ascertained that the case is removable.

6.     Under 28 U.S.C. § 1441, this Court is the appropriate forum in which to file this Notice of Removal because the United State District Court, Western District of Missouri, is the federal judicial district embracing Cass County, the county in which the Cass County Action was filed.

7.     This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1332(d), and this matter is one that may be removed to this Court for the following reasons.

8.     Under Plaintiffs' proposed class definition, there are at least 100 members in each proposed class. Petition, ¶ 42 ("All individuals who purchased Orscheln Premium 303 Tractor Hydraulic Fluid and/or MileMaster 303 Tractor Hydraulic Fluid in Missouri at any point in time from May 25, 2013 to present.")

9.     There is minimal diversity as required by 28 U.S.C. § 1332(d).

   a.     Plaintiffs are citizens and residents of Missouri. Petition, ¶¶ 1-2.

   b.     Defendant CITGO is a company incorporated in Delaware with its principal place of business in Houston, Texas. *See* 28 U.S.C. § 1332.

c. As a result, because at least one Defendant is diverse from Plaintiffs, minimal diversity exists.

10. The damages that Plaintiffs and the putative classes seek exceed in the aggregate the sum or value of $5,000,000 exclusive of interest and costs.

a. In their requests for production served on August 10, 2018, Plaintiffs sought the following information related to their putative class definition:

1. RFP 36: Documents related to the sales of Premium 303 Tractor Hydraulic Fluid, for the time period January 1, 2013 to present

2. RFP 37: Documents related to the sales of MileMaster 303 Tractor Hydraulic Fluid, for the time period January 1, 2013 to present

3. RFP 46: Documents related to sales and/or the volume of sales of Premium 303 Tractor Hydraulic Fluid, for the time period January 1, 2013 to the present, in the State of Missouri

4. RFP 48: Documents related to sales and/or the volume of sales of MileMaster 303 Tractor Hydraulic Fluid, for the time period January 1, 2013 to the present, in the State of Missouri

5. Interrogatory No. 9: Please state (a) the amount of sales of Premium 303 Tractor Hydraulic Fluid to Orscheln in Missouri, by year, since January 1, 2013; and, (b) the amount of sales of Premium 303 Tractor Hydraulic Fluid nationwide to Orscheln, by year, since January 1, 2013

6. Interrogatory No. 10: Please state (a) the amount of sales of MileMaster 303 Tractor Hydraulic Fluid to Orscheln in Missouri, by year, since January 1, 2013; and, (b) the amount of sales of MileMaster 303

Tractor Hydraulic Fluid nationwide to Orscheln, by year, since January 1, 2013

b.      In preparation of its amended responses to Plaintiffs' first set of written discovery, CITGO investigated the information and documents sufficient to respond to Plaintiffs' above-identified discovery responses. On November 21, 2018, CITGO served its amended responses to Plaintiffs' discovery requests and produced certain information in response.

c.      Plaintiffs bring claims on behalf of the putative class. CITGO does not concede any liability, and denies that Plaintiffs are entitled to any damages and/or that Plaintiffs may maintain this action on behalf of the putative class. However, given Plaintiffs' proposed putative class definition and the information requested in the above-identified discovery requests, and Plaintiffs' allegation that the putative class members have been harmed in the same manner as Plaintiffs, CITGO has a reasonable, good faith belief that the combined damages the proposed putative class members seek exceed in the aggregate the sum or value of $5,000,000 exclusive of interest or costs.

d.      Although Plaintiffs considerably overstate their claims and those of the putative class, and the requested relief is neither appropriate nor actionable, based on Plaintiffs' proposed class definition and information identified in CITGO's records to respond to Plaintiffs' discovery request, Plaintiffs allege a potential amount in controversy in excess of the jurisdictional minimum. While Plaintiffs have not specified an exact amount of requested

recovery in each count alleged against Defendants, by calculation, Plaintiffs and the putative class are seeking actual damages and attorneys' fees from CITGO that aggregate to more than $5,000,000.

e.   Plaintiffs identify payments of $23-25 per 5 gallons of Premium 303 Tractor Hydraulic Fluid or MileMaster 303 Tractor Hydraulic Fluid. Petition, ¶¶ 32, 34. Plaintiffs seek, on behalf of the putative class, "all money paid" to purchase Premium 303 Tractor Hydraulic Fluid or MileMaster 303 Tractor Hydraulic Fluid. Petition, ¶ 41.

f.   As defined by Plaintiffs, without conceding any liability, that Plaintiffs are entitled to any damages, and/or that Plaintiffs may maintain this action on behalf of the putative class, there were more than 2,900,000 gallons of Premium 303 Tractor Hydraulic Fluid or MileMaster 303 Tractor Hydraulic Fluid sold by CITGO to suppliers in Missouri from May 25, 2013 to present. *See* Declaration of Benjamin A. Briseno, Exhibit A; Petition, ¶ 42.

g.   By simple calculation, 2,900,000 gallons of Premium 303 Tractor Hydraulic Fluid or MileMaster 303 Tractor Hydraulic Fluid sold by CITGO to suppliers in Missouri from May 25, 2013 to present multiplied by an average of $24 per 5 gallons alleged by Plaintiffs is $13,920,000.

h.   Based on Plaintiffs' allegations and their contention that they represent similarly situated class members, the amount in controversy requirement, therefore, substantially exceeds $5,000,000.

i.    Additionally, Plaintiffs also request an award of reasonable attorneys' fees and costs, which should be included in the evaluation of the amount in controversy. Petition, p. 19.

j.    As such, the amount in controversy could certainly exceed in the aggregate the sum of $5,000,000.

11.    This removal is timely. Nothing on the face of the Petition identified that this case was removable. Pursuant to 28 U.S.C. § 1446(b)(3), a party may remove within thirty days of receipt, "through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." CITGO is removing within thirty days of serving its responses to Plaintiffs' discovery requests and corresponding production identifying the sum being sought by Plaintiffs and the putative class.

12.    Copies of the Petition and documents filed in the Cass County Action are attached, per 28 U.S.C. 1446(a), as **Exhibit 1.**

13.    Pursuant to 28 U.S.C. § 1446(d), counsel for CITGO will cause a copy of this Notice of Removal to be filed in the Cass County Action and to be served on the attorneys for Plaintiffs.

WHEREFORE, Defendant CITGO Petroleum Corporation hereby removes the Cass County Action described above and proceeds hereafter in this Court and further requests that no additional proceedings be had in the Cass County Action.

Respectfully submitted,

Dated: November 28, 2018                    GREENSFELDER, HEMKER & GALE, P.C.


By ____/s/ Peter W. Mueller_____
Abby L. Risner, MO # 57999 (pro hac vice pending)
alr@greensfelder.com
Robert L. Duckels, MO # 52432 (pro hac vice
pending)
rld@greensfelder.com
John C. Drake, MO # 64822 (pro hac vice pending)
jdrake@greensfelder.com
Peter W. Mueller MO #70262 (admitted)
pmueller@greensfelder.com
10 S. Broadway, Suite 2000
St. Louis, MO 63102
Telephone: (314) 345-4785
Facsimile: (314) 345-5465

*Attorneys for Defendant CITGO Petroleum
Corporation and Defendant Orscheln Farm and
Home, LLC and d/b/a Orscheln Farm and Home*

## CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2018, I electronically filed the foregoing by using the ECF system for the United States District Court, Western District of Missouri. Participants in the case who are registered ECF users will be served by the ECF system, and counsel will also be served via U.S. Mail, postage prepaid.

*/s/ Peter Mueller*



**Your Missouri Courts** .net

Search for Cases by: Select Search Method... ▼

Judicial Links  |  eFiling  |  Help  |  Contact Us  |  Print     GrantedPublicAccess   Logoff GREGMOLLETT

18CA-CC00106 - SHAWN HORNBECK ET AL V ORSCHELN FAMR AND HOM ET AL (E-CASE)

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |
|---|---|---|---|---|---|---|---|---|

This information is provided as a service and is not considered an official court record.

Click here to eFile on Case
Click here to Respond to Selected Documents

Sort Date Entries: ● Descending ○ Ascending

Display Options: All Entries ▼

**11/15/2018**    Motion Filed

Joint Motion for Entry of Stipulated Protective Order; Stipulated Protective Order; Electronic Filing Certificate of Service.
     **Filed By:** ABBY LYNN RISNER
     **On Behalf Of:** CITGO PETROLEUM CORPORATION

**10/10/2018**    Cert Serv of Rspns to Interrog

Defendant CITGOs COS of Responses to First RFPS and First Interrogatories; Electronic Filing Certificate of Service.
     **Filed By:** JOHN CHARLES DRAKE
     **On Behalf Of:** CITGO PETROLEUM CORPORATION

**08/10/2018**    Cert Serv Req Prod Docs Things

Certificate of Service; Electronic Filing Certificate of Service.
     **Filed By:** DIRK LEON HUBBARD
     **On Behalf Of:** SHAWN HORNBECK, MONTE BURGESS

   Cert Serv Req Prod Docs Things

Certificate of Service; Electronic Filing Certificate of Service.
     **Filed By:** DIRK LEON HUBBARD
     **On Behalf Of:** SHAWN HORNBECK, MONTE BURGESS

   Answer Filed

Citgo Petroleum Corporations Answer and Affirmative Defenses to Plaintiffs Class Action Petition; Electronic Filing Certificate of Service.
     **Filed By:** ABBY LYNN RISNER
     **On Behalf Of:** CITGO PETROLEUM CORPORATION

**07/10/2018**    Motion for Extension of Time
     **Filed By:** ABBY LYNN RISNER
     **On Behalf Of:** CITGO PETROLEUM CORPORATION

   Entry of Appearance Filed

Entry of Appearance on behalf of Citgo Petroleum Corporation; Electronic Filing Certificate of Service.
     **Filed By:** ABBY LYNN RISNER



EXHIBIT

**07/05/2018**    Answer Filed

Orscheln Farm and Home, LLC Answer to Class Action Petition; Electronic Filing Certificate of Service.
     **Filed By:** TODD W RUSKAMP

**On Behalf Of:** ORSCHELN FAMR AND HOME LLC D/B/A ORSHELN FARM AND HOME

| | |
|---|---|
| 06/12/2018 | **Summons Personally Served** |
| | Document ID - 18-SMCC-365; Served To - CITGO PETROLEUM CORPORATION; Server - ; Served Date - 11-JUN-18; Served Time - 09:00:00; Service Type - Sheriff Department; Reason Description - Served |
| | **Notice of Service** |
| | 18-SMCC-365; Electronic Filing Certificate of Service. |
| 05/29/2018 | **Summons Issued-Circuit** |
| | Document ID: 18-SMCC-365, for CITGO PETROLEUM CORPORATION. |
| | **Summons Issued-Circuit** |
| | Document ID: 18-SMCC-364, for ORSCHELN FAMR AND HOME LLC D/B/A ORSHELN FARM AND HOME. |
| 05/25/2018 | **Filing Info Sheet eFiling** |
| |     **Filed By:** BRYAN TURNER WHITE |
| | **Note to Clerk eFiling** |
| |     **Filed By:** BRYAN TURNER WHITE |
| | **Pet Filed in Circuit Ct** |
| | Class Action Petition. |
| |     **On Behalf Of:** SHAWN HORNBECK, MONTE BURGESS |
| | **Judge Assigned** |

Electronically Filed - Cass - May 25, 2018 - 11:22 AM

IN THE CIRCUIT COURT OF CASS COUNTY, MISSOURI

SHAWN HORNBECK and
MONTE BURGESS, each on behalf of
himself and others similarly situated;

        Plaintiff,

v.

ORSCHELN FARM AND HOME, LLC
d/b/a ORSCHELN FARM AND HOME
      Serve Registered Agent:
      James L. O'Loughlin
      2000 US Highway 63 South
      Moberly, MO 65270

-and-

CITGO PETROLEUM CORPORATION
      Serve Registered Agent
      CT Corporation System
      120 South Central Ave.
      Clayton, MO 63105

        Defendants.

Case No. _____

## CLASS ACTION PETITION

COME NOW Plaintiffs, on behalf of themselves and all others similarly situated, and for their causes of action state and allege as follows:

## PARTIES

1.     Plaintiff Shawn Hornbeck is a citizen and resident of Peculiar, Missouri.

2.     Plaintiff Monte Burgess is a citizen and resident of Belton, Missouri.

3.     Defendant Orscheln Farm and Home, LLC (Orscheln) is a for-profit limited liability company with its principal place of business in Moberly, Missouri. Defendant Orscheln

1

has advertised and sold its products in Cass County and throughout the State of Missouri at its Orscheln Farm and Home retail stores.

4.      Defendant Citgo Petroleum Company (Citgo) is a for-profit company authorized to do business in the State of Missouri with its principal place of business in Houston, Texas. Defendant Citgo Petroleum has advertised and sold its products, including its Premium 303 Tractor Hydraulic Fluid and its MileMaster 303 Tractor Hydraulic Fluid, in Cass County and throughout the State of Missouri, including at Orscheln Farm and Home retail stores.

5.      Defendants' conduct has harmed consumers like Plaintiffs by inducing them to purchase and use "303" tractor hydraulic fluid products, more specifically Premium 303 and MileMaster 303 (303 THF Products) on the false promise that the 303 THF Products meet certain specifications and by directly or implicitly representing that the products are safe for use in farm, construction and logging equipment and have certain characteristics and qualities that protect equipment from wear and damage when, in reality, the products do not meet any specifications and cause harm, increased wear and damage to consumers' equipment.

## JURISDICTION AND VENUE

6.      Pursuant to § 508.010.4 RSMo, Cass County Circuit Court, State of Missouri, is an appropriate venue because the false representations, deceptive, dishonest, and misleading practices, and the unjust enrichment, occurred in Cass County and elsewhere in the State of Missouri.

7.      The Circuit Court of Cass County, Missouri has personal jurisdiction over Defendants because Defendants transact business in Missouri, with their various advertising methods and product sales directed toward Missouri residents. Additionally, Plaintiffs purchased the products at issue in Cass County, Missouri.

2

Electronically Filed - Cass - May 25, 2018 - 11:22 AM

8.      This is a civil case in which the Cass County Circuit Court, State of Missouri, has jurisdiction pursuant to Mo. Const., Art. V. § 14.

9.      The total amount in controversy as to each Plaintiff and each individual Member of the proposed Class alleged herein does not exceed seventy-four thousand nine hundred ninety-nine dollars ($74,999.00), including treble damages, punitive damages, interest, costs, and attorneys' fees.  Each Plaintiff specifically disclaims any relief, whether in law or in equity, in excess of $74,999.  In addition, neither the Plaintiffs nor any Member of the proposed Class assert any federal question.

10.     The proposed Class in this case includes only those persons who purchased the products at issue in the State of Missouri.  The amount in controversy for all proposed Class Members does not exceed five million dollars ($5,000,000.00).

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

11.     Defendant Orscheln is in the business of selling and advertising for sale certain merchandise or retail products in trade or commerce at retail stores within Cass County and other Counties throughout the State of Missouri.

12.     Defendant Citgo is in the business of manufacturing certain merchandise or retail products which are to be sold in trade or commerce at retail stores within Cass County and other Counties throughout the State of Missouri.

13.     During some or all of the five year period prior to the filing of this Class Action Petition, Defendant Orscheln sold and advertised 303 THF Products in yellow buckets called Premium 303 Tractor Hydraulic Fluid and MileMaster 303 Tractor Hydraulic Fluid.

3

14.     During some or all of the five year period prior to the filing of this Class Action Petition, Defendant Citgo manufactured and advertised the Premium 303 Tractor Hydraulic Fluid and MileMaster 303 Tractor Hydraulic Fluid sold by Orscheln.

**Defendants' Deceptive Marketing and Advertising**

15.     During some or all of the five year period prior to the filing of this Class Action Petition, Defendants Orscheln and Citgo marketed the Premium 303 Tractor Hydraulic Fluid and the MileMaster 303 Tractor Hydraulic Fluid (1) as universal lubricants for farm logging and construction equipment; (2) as meeting specifications and being acceptable for use as hydraulic fluid, transmission fluid, and gear oil in older tractors and other equipment; (3) as substitutes for and satisfying John Deere's JD-303 specifications; (4) as fluids specifically formulated with base oils and additives designed to help protect against wear, rust, corrosion and foaming; and (5) as fluids that may be used as a replacement fluid in select models where 303 fluid is acceptable, including in equipment made by Allis-Chalmers, Massey, Ferguson, White, Allison, Case, International Harvester, Kubota, John Deere, New Holland, Ford and Caterpillar.

16.     Defendants' marketing and advertising of the 303 THF Products has been widespread, continuous and contained on various signs, labels and advertisements throughout the State of Missouri for years.  Representative examples of Defendants' marketing and advertising materials are set forth below.

17.     MileMaster 303 Tractor Hydraulic Fluid was specifically marketed and advertised as follows:

4

Electronically Filed - Cass - May 25, 2018 - 11:22 AM



**MileMaster** *PRODUCT INFORMATION*                    Date 10/13

### MileMaster 303 Tractor Hydraulic Fluid

**DESCRIPTION:**

MileMaster 303 Tractor Hydraulic Fluid is a tractor hydraulic/transmission fluid for farm tractors, logging and construction equipment where transmission, final drive, hydraulics and wet brakes use a common fluid.

**QUALITIES:**

MileMaster 303 Tractor Hydraulic Fluid is a general purpose multi-grade tractor lubricant for farm, construction and logging equipment. It is specifically formulated with base oils and additives designed to help protect against wear, rust, corrosion and foaming. It may be used as a replacement fluid in select models where 303 fluid (mid-1970 model years and prior) is acceptable.

**APPLICATIONS:**

MileMaster 303 Tractor Hydraulic Fluid may be used as a replacement fluid in select models where 303 fluid is acceptable, including:

| | |
|---|---|
| Atlis-Chalmers | International Harvester |
| Massey | Kubota |
| Ferguson | John Deere |
| White | New Holland |
| Allison | Ford |
| Case | Caterpillar |

Not recommended for modern equipment. Refer to owner's manual for recommended oil selection.

18.     Premium 303 was specifically marketing and advertised as follows:



19.     These representations were also contained in Defendants' advertising circulars and/or on Defendants' websites.

20.     By marketing and advertising the 303 THF Products in the foregoing manner, and by describing the products using words such as "general purpose" and "universal," Defendants

5

have created an image in the minds of Plaintiffs and other consumers that would lead a reasonable consumer to conclude that Defendants' 303 THF Products were completely safe and effective for use in consumers' equipment.

21.     Defendants' advertising and marketing of their 303 THF Products was material to the reasonable consumer.

22.     At the time of Defendants' advertisements, marketing and other representations, and as Defendants already knew, the representations regarding the 303 THF Products were false, deceptive and misleading to consumers seeking to purchase tractor hydraulic fluid.

23.     The John Deere "303" designation is over 50 years old and has been obsolete for many years.  Defendants knew that at the time they were marketing and selling the 303 THF Products during the Class Period, there were no specifications available for "303" tractor hydraulic fluid and, therefore, no way to ensure the accuracy of representations that their 303 THF Products were in compliance with any known specifications.

24.     As Defendants knew, the 303 THF Products manufactured by Defendants and sold in the yellow buckets lacked some or all of the additives required to provide the advertised "qualities."

25.     As Defendants knew, the 303 THF Products manufactured by Defendants and sold in the yellow buckets did not meet any current specs for any manufacturers of farm, logging and construction equipment.

**The State of Missouri's Testing of 303 THF**

26.     In the summer of 2017, the Missouri Department of Agriculture sampled 14 different 303 THF products, many of which claimed to work in almost every tractor.  All 14 of

6

these 303 THF products failed to meet any current specifications and were found to be underperforming to the point that damage was likely to result from use.

27.    The Missouri Department of Agriculture notified the retailers, including Defendant Orscheln, that the products were misbranded because they failed to meet any current tractor manufacturer's specifications.

28.    On information and belief, Premium 303 and MileMaster 303 were among the 303 THF products the Missouri Department of Agriculture tested and that failed to meet any current specifications and were likely to cause damage to equipment.

29.    In November and December of 2017, Orscheln provided the following "Advertising Correction Notice:"

> Unfortunately we have just been informed by the Department of Agriculture State of Missouri that any 303 Tractor Hydraulic & Transmission Fluid must be pulled from our inventory and cannot be sold. Please accept our apologies for any inconvenience.

> Due to this action by the Department of Agriculture State of Missouri, Orscheln Farm & Home is issuing an advertisement correction notice for the flyers listed below featuring a 303 Tractor Hydraulic & Transmission Fluid. All 303 Tractor Hydraulic & Transmission Fluid is no longer in stock in Missouri.

### Plaintiffs' Experience with Defendants' Advertising and Products

30.    In the five year period prior to the filing of this Class Action Petition, Plaintiffs purchased Defendants' 303 THF Products on numerous occasions, primarily for personal, family, or household purposes.

31.    As with all members of the Class, in the five year period prior to the filing of this Class Action Petition, Plaintiffs purchased Defendants' 303 THF Products upon the representations set forth above.

7

32.     Plaintiff Shawn Hornbeck purchased and used Orscheln Premium 303 which was manufactured by Citgo Petroleum and sold by Orscheln.  In the fall of 2015, Shawn purchased three 5-gallon buckets of Orscheln Premium 303 at Orscheln's located in Raymore, Missouri.  The cost was $23.00 each (approximately $70 with tax).  In the spring of 2016, Shawn purchased one more 5-gallon bucket of Orscheln Premium 303 at the same Orscheln's location in Raymore, Missouri.  The cost was $23 plus tax.

33.     These 303 THF Products were used by Plaintiff Hornbeck for personal use on the following equipment:  John Deere Skid Steer Loader Hydraulic System, John Deere B Tractor, JD 50 Tractor Hydraulic Lift, Hay Wagon Lift Cylinder, Log Splitter Hydraulic Tank, 1952 Chevy Grain Truck Lift Cylinder, and 1958 International Dump Lift System.

34.     Plaintiff Monte Burgess purchased and used MileMaster 303 Tractor Hydraulic Fluid which was manufactured by Citgo Petroleum and sold by Orscheln.  In the past five years, Monte purchased 5-gallon buckets of MileMaster 303 at Orscheln's located in Raymore, Missouri.  Plaintiff paid approximately $25 for each bucket.

35.     These 303 THF Products were used by Plaintiff Burgess for personal use on the following equipment:  tractors, mowers, dump trucks, brush hogs, farm implements, skidders and log splitters.

36.     Plaintiffs reasonably relied upon Defendants' own statements and advertisements concerning the particular qualities and benefits of the 303 THF Products.

37.     A reasonable consumer would consider Defendants' statements and advertisements when looking to purchase a tractor hydraulic fluid.  As a result of using Defendants' 303 THF Products, Plaintiffs and Class Members:  (a) paid a sum of money for a product that was not as represented; (b) received a lesser product than advertised and marketed;

8

(c) were deprived of the benefit of the bargain because the 303 THF Products were different than what Defendants represented; (d) were deprived of the benefit of the bargain because the 303 THF Products had less value than what was represented; and (e) did not receive a product that measured up to their expectations as created by Defendants.

38.     When Defendants Orscheln and Citgo manufactured, marketed, advertised, distributed, and sold Plaintiffs and Class Members their 303 THF Products, Defendants knew or should have known those products (1) did not meet specifications and were not acceptable for use as hydraulic fluid, transmission fluid, or gear oil in older tractors and other equipment; (2) were not appropriate as a substitute for and did not satisfy John Deere's JD-303 specifications (specifications which were obsolete and did not exist); (3) were not fluids specifically formulated with base oils and additives designed to help protect against wear, rust, corrosion and foaming; and (4) were not fluid that could be appropriately used as a replacement fluid in select models where 303 fluid is acceptable, including in equipment made by Allis-Chalmers, Massey, Ferguson, White, Allison, Case, International Harvester, Kubota, John Deere, New Holland, Ford and Caterpillar.

39.     Plaintiffs used the 303 THF Products in the manner in which Defendants advised it could and should be used.

40.     As a result of Defendants' 303 THF Products not meeting specifications as advertised, marketed, warranted, and promised, Defendants violated the Missouri Merchandising Practices Act, fraudulently or negligently induced Plaintiffs and Class Members to purchase their products through material misrepresentations, and were unjustly enriched.

41.     This action is brought by Plaintiffs against Defendants to recover all money paid by Plaintiffs and Class Members to Defendants for purchase of their 303 THF Products which

9

were marketed, advertised, and sold in the dishonest, misleading, and deceptive manners noted herein.

## CLASS ACTION ALLEGATIONS

42.     Plaintiffs bring this Class Action pursuant to Missouri Rules of Civil Procedure 52.08, on behalf of themselves and the following Class of similarly situated persons:

> All individuals who purchased Orscheln Premium 303 Tractor
> Hydraulic Fluid and/or MileMaster 303 Tractor Hydraulic Fluid
> in Missouri at any point in time from May 25, 2013 to present.

43.     Excluded from the Class are Defendants, including any parent, subsidiary, affiliate or controlled person of Defendants; Defendants' officers, directors, agents, employees and their immediate family members, as well as the judicial officers assigned to this litigation and members of their staffs and immediate families.

44.     The 303 THF Products at issue were sold across Missouri through retailers.  The Class Members may be identified through use of sales receipts, affidavits, or through sales records.

45.     The proposed Class is so numerous that joinder of all Class Members is impracticable.  Although the exact number and identity of each Class Member is not known at this time, there are thousands of Members of the Class.

46.     There are questions of fact and law common to the Class which predominate over questions affecting only individual Class Members.  The questions of law and fact common to each Class arising from Defendants' actions include, without limitation, the following:

> a.  Whether Defendants' 303 THF Products were being advertised and
>     marketed as alleged in paragraphs 15-20, above;
>
> b.  Whether Defendants' 303 THF Products in actuality were as alleged in
>     paragraphs 22-29 and 37-38, above;

10

c. Whether Defendants' manufacturing, advertising, marketing, and/or sale of their 303 THF Products was deceptive, unfair, and/or dishonest;

d. Whether Defendants' representations regarding their 303 THF Products were false and made knowingly by Defendants, and were therefore deceptions, frauds, false pretenses, false promises, and/or misrepresentations as described in 407.020 RSMo and a violation thereof;

e. Whether Defendants' representations were false and made negligently by Defendants, and were therefore deceptions, frauds, false pretenses, false promises, and/or misrepresentations as described in 407.020 RSMo and a violation thereof; and,

f. Whether Defendants were unjustly enriched.

47. Each Plaintiff's claims are typical of those in the putative Class because each purchased Defendants' 303 THF Products and was similarly treated.

48. Plaintiffs are adequate representatives of the Class because their interests do not conflict with the interests of other Members of the Class. The interests of the other Class Members will be fairly and adequately protected by Plaintiffs and counsel, who have extensive experience prosecuting complex litigation and class actions.

49. A Class Action is the appropriate method for the fair and efficient adjudication of this controversy. It would be impracticable, cost prohibitive, and undesirable for each member of the Class to bring a separate action. In addition, the presentation of separate actions by individual Class Members creates the risk of inconsistent and varying adjudications, establishes incompatible standards of conduct for Defendants, and/or substantially impairs or impedes the ability of Class Members to protect their interests. A single Class Action can determine, with judicial economy, the right of the Members of the Class.

11

50. A Class Action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of this controversy.

51. Class certification is also appropriate because Defendants have acted or refused to act on grounds generally applicable to the Class. The Class Action is based on Defendants' acts and omissions with respect to the Class as a whole, not on facts or law applicable only to the representative Plaintiffs. All Class Members who purchased Defendants' products were treated similarly. Thus, all Class Members have the same legal right to an interest in relief for damages associated with the violations enumerated herein.

52. Plaintiffs assert in Counts I through VI, below, the following claims on behalf of themselves and the Class:

- Count I – Missouri Merchandising Practices Act Violations

- Count II – Breach of Express Warranty

- Count III – Breach of Implied Warranty

- Count IV – Fraud/Misrepresentation

- Count V – Negligence

- Count VI – Unjust Enrichment

## COUNT I
### (Violations of Missouri's Merchandising Practices Act)
### (Plaintiffs and All Class Members Who Purchased For Personal, Family, Household Use)

53. Plaintiffs incorporate by reference all preceding paragraphs of the Class Action Petition as if fully set forth herein.

54. Plaintiffs and many Class Members purchased Defendants' 303 THF Products for personal, family, or household purposes.

12

55.     Defendants' representations set forth in paragraphs 15-20, above, including without limitation the representations that the 303 THF Products were fit to be used in older tractors and other equipment, and that the 303 THF Products met specifications, were unfair, deceptive, false and misleading and made knowingly by Defendants or without knowledge as to their truth or falsity and were therefore deceptions, frauds, false pretenses, false promises, and misrepresentations as described at § 407.020 RSMo, and therefore a violation of the Missouri Merchandising Practices Act.

56.     Defendants' representations set forth in paragraphs 15-20, above, including without limitation the representations that the 303 THF Products were fit to be used in older tractors and other equipment, and that the 303 THF products met specifications, also constituted the omission or suppression of a material fact in violation of § 407.020 RSMo in that Defendants' 303 THF Products were not appropriate for use and did not meet specification as advertised, marketed, and sold.

57.     Defendants' conduct as set forth herein with regard to the marketing and sale of 303 THF Products constitute unlawful, unfair and/or fraudulent business practices in violation of the Missouri Merchandising Practices Act, §§ 407.010 *et seq.*

58.     Defendants engaged in unlawful practices including deception, false promises, misrepresentation, and/or the concealment, suppression or omission of material facts in connection with the marketing and sale of 303 THF Products, all in violation of §407.020 RSMo.

59.     Plaintiffs and Class Members have suffered economic and other damages as a result of Defendants' conduct with regard to the marketing and sale of 303 THF Products.

60.     As a direct and proximate result of Defendants' illegal conduct, Plaintiffs and Class Members have suffered ascertainable losses of money.

13

61.     Defendants' conduct as described herein was intentional and in violation of §
407.020 RSMo, and the regulations of the Attorney General of Missouri promulgated thereunder.

62.     Defendants' conduct is such that an award of punitive damages against each
Defendant is appropriate.

<u>**COUNT II**</u>
**(Breach of Express Warranty – Plaintiffs and All Class Members)**

63.     Plaintiffs incorporate by reference all preceding paragraphs of the Class Action
Petition as if fully set forth herein.

64.     Plaintiffs and Class Members purchased Defendants' 303 THF Products.

65.     As set forth above, Defendants made common statements of facts regarding the
quality and use of the THF 303 Products.

66.     The common statements Defendants made regarding the 303 THF Products were
a material factor in inducing Plaintiffs and Class Members to purchase the 303 THF Products
and therefore became part of the basis of the benefit of the bargain and an express warranty.

67.     Plaintiffs and the Class Members reasonably relied on the common statements of
fact.

68.     As set forth above, the THF 303 Products did not conform to the statements of
Defendants.  As a result, Plaintiffs and the Class Members did not receive goods as warranted by
Defendants.

69.     Defendants have received timely notifications of the defects in their THF 303
Products.

70.     The failure of the THF 303 Products to conform to the statements of Defendants
has caused injury to Plaintiffs and Class Members.

14

## COUNT III
### (Breach of Implied Warranty – Plaintiffs and All Class Members)

71.     Plaintiffs incorporate by reference all preceding paragraphs of the Class Action Petition as if fully set forth herein.

72.     Defendants directly or indirectly sold the 303 THF Products to Plaintiffs and Class Members for use as described above.

73.     As set forth above, at the time Defendants sold the 303 THF Products, those products were not fit for their ordinary use and the use described by Defendants.

74.     Plaintiffs and Class Members used the 303 THF Products for their ordinary purpose and the use described by Defendants.

75.     Defendants have received timely notification of the defect in their 303 THF Products.

76.     The failure of the 303 THF Products to be fit for their ordinary purpose has cause injury to Plaintiffs and Class Members.

## COUNT IV
### (Fraudulent Misrepresentation – Plaintiffs and All Class Members)

77.     Plaintiffs incorporate by reference all preceding paragraphs of the Class Action Petition as if fully set forth herein.

78.     Defendants made representations regarding their 303 THF Products, as set forth above, including without limitation the representations that the 303 THF Products were fit to be used in older tractors and other equipment, that the 303 THF Products met specifications, and that the 303 THF Products provided certain qualities, results and benefits, were false and made knowingly by Defendants, and were therefore fraudulent.

15

79.     Defendants' representations set forth above, including without limitation the representations that the 303 THF Products were fit to be used in older tractors and other equipment, that the 303 THF Products met specifications, and that the 303 THF Products provided certain qualities, results and benefits, were false and made knowingly by Defendants, and were therefore fraudulent.

80.     Defendants' representations as set forth above, including without limitation the representations that the 303 THF Products were fit to be used in older tractors and other equipment, and that the 303 THF Products met specifications, and that the 303 THF Products provided certain qualities, results and benefits, were made by each Defendant with the intent that Plaintiffs and other Class Members rely on such representations.

81.     Defendants' representations as set forth above, including without limitation the representations that the 303 THF Products were fit to be used in older tractors and other equipment, that the 303 THF Products met specifications, and that the 303 THF Products provided certain qualities, results and benefits, were made by each Defendant despite knowing the representations were false at the time the representations were made, and/or without knowledge of the truth or falsity of the representations.

82.     Defendants' representations were material to the purchase of 303 THF Products.

83.     Plaintiffs and Class Members relied on Defendants' representations, and such reliance was reasonable under the circumstances.

84.     Defendants' conduct as set forth herein with regard to the marketing and sale of 303 THF Products constitutes fraud on Plaintiffs and all Class Members.

85.     Plaintiffs and Class Members have been economically damaged by Defendants' fraudulent conduct with regard to the marketing and sale of 303 THF Products.

16

86.     As a direct and proximate result of Defendants' illegal conduct, Plaintiffs and Class Members have suffered ascertainable losses of money and other damages.

87.     Defendants' conduct as described herein was intentional and/or in reckless disregard for the rights of Plaintiffs and other Class Members.

88.     Defendants' conduct is such that an award of punitive damages against each Defendant is appropriate.

## COUNT V
**(Negligent Misrepresentation – Plaintiffs and All Class Members)**

89.     Plaintiffs incorporate by reference all preceding paragraphs of the Class Action Petition as if fully set forth herein.

90.     Defendants made representations regarding their 303 THF Products, as set forth above, including without limitation the representations that the 303 THF Products were fit to be used in older tractors and other equipment, that the 303 THF Products met specifications, and that the 303 THF Products provided certain qualities, results and benefits, were false and made knowingly by Defendants, and were therefore fraudulent.

91.     Such representations were made by Defendants with the intent that Plaintiffs and the Class Members rely on such representations in purchasing Defendants' 303 THF Products.

92.     Such representations were material to Plaintiffs' and the Class Members' purchase of Defendants' 303 THF Products.

93.     Such representations were false.

94.     Defendants failed to use ordinary care and were negligent in making and/or allowing to be made the representations set forth above.

95.     Plaintiffs and the Class Members relied on such representations and such reliance was reasonable under the circumstances.

17

96.     Plaintiffs and Class Members have been economically damaged by Defendants' negligent conduct with regard to the marketing and sale of 303 THF Products.

97.     As a direct and proximate result of Defendants' negligent conduct, Plaintiffs and Class Members have suffered ascertainable losses of money.

## COUNT VI
### (Unjust Enrichment – Plaintiffs and All Class Members)

98.     Plaintiffs incorporate by reference all preceding paragraphs of the Class Action Petition as if fully set forth herein.

99.     As a result of Defendants' deceptive, fraudulent, and misleading advertising, marketing, and sales of 303 THF Products, Plaintiffs and the Class Members purchased Defendants' 303 THF Products and conferred a benefit upon Defendants, which Defendants appreciated and accepted.

100.    Defendants were enriched at the expense of Plaintiffs and other Class Members through the payment of the purchase price for Defendants' 303 THF Products.

101.    Under the circumstances, it would be against equity and good conscience to permit Defendants to retain the ill-gotten benefits that they received from Plaintiffs and the other Class Members, in light of the fact that the 303 THF Products purchased by Plaintiffs and the other Members of the Class were not what Defendants represented them to be. Thus, it would be inequitable or unjust for Defendants to retain the benefit without restitution to Plaintiffs and the other Members of the Class for the monies paid to Defendants for the 303 THF Products.

WHEREFORE, Plaintiffs, on behalf of themselves and the Class described in this Class Action Petition, respectfully requests that:

A. The Court certify the Class pursuant to Rule 52.08 and § 407.025 RSMo, and adjudge Plaintiffs and counsel to be adequate representative thereof;

18

B. The Court enter an Order requiring each Defendant to pay actual and punitive damages to Plaintiffs and the other Members of the Class;

C. The Court enter an Order awarding Plaintiffs, individually and on behalf of the other Members of the Class, their expenses and costs of suit, including reasonable attorneys' fees and reimbursement of reasonable expenses, to the extent provided by law;

D. The Court enter an Order awarding to Plaintiffs, individually and on behalf of other Members of the Class, pre-and post-judgment interest, to the extent allowable; and,

E. For such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all issues of fact and damages in this action.

Date: May 25, 2018

Respectfully submitted,

WHITE, GRAHAM, BUCKLEY,
& CARR, L.L.C

BY:_____*/s/ Bryan T. White*_____
            Gene P. Graham, Jr.    MO Bar #34950
            Bryan T. White        MO Bar #58805
            19049 East Valley View Parkway
            Independence, Missouri 64055
            (816) 373-9080 Fax: (816) 373-9319
            ggraham@wagblaw.com
            bwhite@wagblaw.com

-and-

19

HORN AYLWARD & BANDY, LLC

BY:   */s/ Dirk Hubbard*
       Thomas V. Bender, MO Bar #28099
       Dirk Hubbard, MO Bar #37936
       2600 Grand, Ste. 1100
       Kansas City, MO 64108
       (816) 421-0700
       (816) 421-0899 (Fax)
       dhubbard@hab-law.com

       -and-

CLAYTON JONES, ATTORNEY AT LAW

BY:   */s/ Clayton A. Jones*
       Clayton Jones   MO Bar #51802
       P.O. Box 257
       405 W. 58 Hwy.
       Raymore, MO 64083
       Office: (816) 318-4266
       Fax: (816) 318-4267
       claytonjoneslaw.com

**ATTORNEYS FOR PLAINTIFFS
AND CLASS MEMBERS**

20

SB 6-28



# IN THE 17TH JUDICIAL CIRCUIT COURT, CASS COUNTY, MISSOURI

| Judge or Division:<br>R. MICHAEL WAGNER | Case Number: 18CA-CC00106 |
|---|---|
| Plaintiff/Petitioner:<br>SHAWN HORNBECK<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>BRYAN TURNER WHITE<br>1010 WALNUT STE 400<br>KANSAS CITY, MO 64106 |
| Defendant/Respondent:<br>ORSCHELN FAMR AND HOME LLC D/B/A<br>ORSCHELN FARM AND HOME | Court Address:<br>Cass County Justice Center<br>2501 West Mechanic<br>HARRISONVILLE, MO 64701 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons in Civil Case

| The State of Missouri to: CITGO PETROLEUM CORPORATION | |
|---|---|

Serve Registered Agent: CT Corporation System
120 South Clayton Avenue
Clayton, Mo 63105 30CTCORe

1293 ELDRIDGE PARKWAY
HOUSTON, TX 77077

*COURT SEAL OF*

*CIRCUIT COURT OF MISSOURI*

*CASS COUNTY*

   You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

Further Information /s/ Kim York, Circuit Clerk, 5/29/2018

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☑ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

**LCW – B. LOVE** (name) **INTAKE SPECIALIST** (title)

☐ other _____

Served at **CT CORPORATION** (address)

in **St. Louis County** (County/City of St. Louis), MO, on **JUN 11 2018** (date) at **9 A.M.** (time)

L. DiSilvester
Printed Name of Sheriff or Server          Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
Date                                    Notary Public

| Sheriff's Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (_____ miles @ $_____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-08) SM30 (SMCC) *For Court Use Only:* Document Id # 18-SMCC-365      ___ of ___      Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

18-SMCC-4920

## IN THE CIRCUIT COURT OF CASS COUNTY, MISSOURI

SHAWN HORNBECK and MONTE )
BURGESS, each on behalf of himself and )
others similarly situated, )
)
               Plaintiffs, )
)
          v. )  Case No. 18CA-CC00106
)
ORSCHELN FARM AND HOME, LLC, )
)
and )
)
CITGO PETROLEUM CORPORATION, )
)
               Defendants. )

## ANSWER OF DEFENDANT ORSCHELN FARM AND HOME, LLC

Defendant Orscheln Farm and Home, LLC ("Orscheln"), by and through counsel, for its Answer to Plaintiffs' Class Action Petition states as follows:

## PARTIES

1.      Orscheln is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 and therefore denies the allegations.

2.      Orscheln is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 and therefore denies the allegations.

3.      Orscheln admits the allegations of paragraph 3.

4.      Orscheln is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 and therefore denies the allegations.

5.      Orscheln denies the allegations of paragraph 5.

## JURISDICTION AND VENUE

6.      Orscheln denies the allegations of paragraph 6.

7.     Orscheln admits that it is subject to the exercise of personal jurisdiction by this Court in this action.  Orscheln denies the remaining allegations of paragraph 7.

8.     Orscheln admits the allegations of paragraph 8.

9.     Orscheln is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 and therefore denies the allegations.

10.     Orscheln is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 and therefore denies the allegations.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

11.     Orscheln admits the allegations of paragraph 11.

12.     Orscheln is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 and therefore denies the allegations.

13.     Orscheln admits the allegations of paragraph 13.

14.     Orscheln is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 and therefore denies the allegations.

15.     Orscheln admits that the marketing terms for Premium 303 Tractor Hydraulic Fluid and MileMaster 303 Tractor Hydraulic Fluid is set forth in the marketing materials for the products which speak for themselves.  Orscheln is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 15 and therefore denies the remaining allegations.

16.     Orscheln is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 and therefore denies the allegations.

17.     Orscheln admits that the image embedded in paragraph 17 includes some of the label information for the MileMaster 303 Tractor Hydraulic Fluid product.  Orscheln is without

8836687 v1

knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 17 and therefore denies the remaining allegations.

18.     Orscheln admits that the image embedded in paragraph 18 includes some of the label information for the Premium 303 Tractor Hydraulic Fluid product.  Orscheln is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 18 and therefore denies the remaining allegations.

19.     Orscheln is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 and therefore denies the allegations.

20.     Orscheln denies the allegations of paragraph 20.

21.     Orscheln is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 and therefore denies the allegations.

22.     Orscheln denies the allegations of paragraph 22.

23.     Orscheln denies the allegations of paragraph 23.

24.     Orscheln denies the allegations of paragraph 24.

25.     Orscheln denies the allegations of paragraph 25.

## THE STATE OF MISSOURI'S TESTING OF 303 THF

26.     Orscheln is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 and therefore denies the allegations.

27.     Orscheln admits that it was notified by the Missouri Department of Agriculture that the Department concluded that Premium 303 Tractor Hydraulic Fluid and MileMaster 303 Tractor Hydraulic Fluid was misbranded because the products did not meet the specification limits. Orscheln denies the remaining allegations of paragraph 27.

28.     Orscheln admits that it was notified by the Missouri Department of Agriculture that the Department concluded that Premium 303 Tractor Hydraulic Fluid and MileMaster 303 Tractor

8836687 v1

3

Electronically Filed - Cass - July 05, 2018 - 04:39 PM

Hydraulic Fluid was misbranded because the products did not meet the specification limits. Orscheln denies the remaining allegations of paragraph 28.

29.     Orscheln admits the allegations of paragraph 29.

30.     Orscheln is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 and therefore denies the allegations.

31.     Orscheln is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 and therefore denies the allegations.

32.     Orscheln is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 and therefore denies the allegations.

33.     Orscheln is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 and therefore denies the allegations.

34.     Orscheln is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 and therefore denies the allegations.

35.     Orscheln is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 and therefore denies the allegations.

36.     Orscheln denies the allegations of paragraph 36.

37.     Orscheln denies the allegations of paragraph 37.

38.     Orscheln denies the allegations of paragraph 38.

39.     Orscheln is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 and therefore denies the allegations.

40.     Orscheln denies the allegations of paragraph 40.

41.     Orscheln is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 and therefore denies the allegations.

4

## CLASS ACTION ALLEGATIONS

42.     Orscheln admits that plaintiffs purport to bring this action on behalf of themselves and other similar situated persons, but denies that plaintiffs are entitled or authorized to assert claims on behalf of others under Rule 52.08 or otherwise.   Orscheln denies the remaining allegations of paragraph 42.

43.     Orscheln admits that plaintiffs purport to bring this action on behalf of themselves and other similar situated persons, but denies that plaintiffs are entitled or authorized to assert claims on behalf of others under Rule 52.08 or otherwise.   Orscheln denies the remaining allegations of paragraph 43.

44.     Orscheln admits that Premium 303 Tractor Hydraulic Fluid and MileMaster 303 Tractor Hydraulic Fluid were sold at Farm and Home store locations in Missouri.  Orscheln further admits that plaintiffs purport to bring this action on behalf of themselves and other similar situated persons, but denies that plaintiffs are entitled or authorized to assert claims on behalf of others under Rule 52.08 or otherwise.  Orscheln is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 and therefore denies the allegations.

45.     Orscheln admits that plaintiffs purport to bring this action on behalf of themselves and other similar situated persons, but denies that plaintiffs are entitled or authorized to assert claims on behalf of others under Rule 52.08 or otherwise.   Orscheln denies the remaining allegations of paragraph 45.

46.     Orscheln admits that plaintiffs purport to bring this action on behalf of themselves and other similar situated persons, but denies that plaintiffs are entitled or authorized to assert claims on behalf of others under Rule 52.08 or otherwise.   Orscheln denies the remaining allegations of paragraph 46.

47.     Orscheln admits that plaintiffs purport to bring this action on behalf of themselves and other similar situated persons, but denies that plaintiffs are entitled or authorized to assert claims on behalf of others under Rule 52.08 or otherwise.   Orscheln denies the remaining allegations of paragraph 47.

48.     Orscheln admits that plaintiffs purport to bring this action on behalf of themselves and other similar situated persons, but denies that plaintiffs are entitled or authorized to assert claims on behalf of others under Rule 52.08 or otherwise.   Orscheln denies the remaining allegations of paragraph 48.

49.     Orscheln admits that plaintiffs purport to bring this action on behalf of themselves and other similar situated persons, but denies that plaintiffs are entitled or authorized to assert claims on behalf of others under Rule 52.08 or otherwise.   Orscheln denies the remaining allegations of paragraph 49.

50.     Orscheln admits that plaintiffs purport to bring this action on behalf of themselves and other similar situated persons, but denies that plaintiffs are entitled or authorized to assert claims on behalf of others under Rule 52.08 or otherwise.   Orscheln denies the remaining allegations of paragraph 50.

51.     Orscheln admits that plaintiffs purport to bring this action on behalf of themselves and other similar situated persons, but denies that plaintiffs are entitled or authorized to assert claims on behalf of others under Rule 52.08 or otherwise.   Orscheln denies the remaining allegations of paragraph 51.

52.     Orscheln admits that plaintiffs allege the claims identified in paragraph 52. Orscheln denies the remaining allegations of paragraph 52.

6

## COUNT I – VIOLATIONS OF MISSOURI MERCHANDISING PRACTICES ACT

53.    Orscheln incorporates by reference its responses to all preceding paragraphs above as though fully set out here in response to paragraph 53.

54.    Orscheln is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54 and therefore denies the allegations.

55.    Orscheln denies the allegations of paragraph 55.

56.    Orscheln denies the allegations of paragraph 56.

57.    Orscheln denies the allegations of paragraph 57.

58.    Orscheln denies the allegations of paragraph 58.

59.    Orscheln denies the allegations of paragraph 59.

60.    Orscheln denies the allegations of paragraph 60.

61.    Orscheln denies the allegations of paragraph 61.

62.    Orscheln denies the allegations of paragraph 62.

## COUNT II – BREACH OF EXPRESS WARRANTY

63.    Orscheln incorporates by reference its responses to all preceding paragraphs above as though fully set out here in response to paragraph 63.

64.    Orscheln is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64 and therefore denies the allegations.

65.    Orscheln denies the allegations of paragraph 65.

66.    Orscheln denies the allegations of paragraph 66.

67.    Orscheln denies the allegations of paragraph 67.

68.    Orscheln denies the allegations of paragraph 68.

69.    Orscheln denies the allegations of paragraph 69.

70.    Orscheln denies the allegations of paragraph 70.

7

## COUNT III – BREACH OF IMPLIED WARRANTY

71.    Orscheln incorporates by reference its responses to all preceding paragraphs above as though fully set out here in response to paragraph 71.

72.    Orscheln is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 72 and therefore denies the allegations.

73.    Orscheln denies the allegations of paragraph 73.

74.    Orscheln is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 74 and therefore denies the allegations.

75.    Orscheln denies the allegations of paragraph 75.

76.    Orscheln denies the allegations of paragraph 76.

## COUNT IV – FRAUDULENT MISREPRESENTATION

77.    Orscheln incorporates by reference its responses to all preceding paragraphs above as though fully set out here in response to paragraph 77.

78.    Orscheln denies the allegations of paragraph 78.

79.    Orscheln denies the allegations of paragraph 79.

80.    Orscheln denies the allegations of paragraph 80.

81.    Orscheln denies the allegations of paragraph 81.

82.    Orscheln is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 82 and therefore denies the allegations.

83.    Orscheln denies the allegations of paragraph 83.

84.    Orscheln denies the allegations of paragraph 84.

85.    Orscheln denies the allegations of paragraph 85.

86.    Orscheln denies the allegations of paragraph 86.

87.    Orscheln denies the allegations of paragraph 87.

8

88.     Orscheln denies the allegations of paragraph 88.

**COUNT V – NEGLIGENT MISREPRESENTATION**

89.     Orscheln incorporates by reference its responses to all preceding paragraphs above as though fully set out here in response to paragraph 89.

90.     Orscheln denies the allegations of paragraph 90.

91.     Orscheln denies the allegations of paragraph 91.

92.     Orscheln is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 92 and therefore denies the allegations.

93.     Orscheln denies the allegations of paragraph 94.

94.     Orscheln denies the allegations of paragraph 95.

95.     Orscheln denies the allegations of paragraph 96.

96.     Orscheln denies the allegations of paragraph 97.

**COUNT VI – UNJUST ENRICHMENT**

97.     Orscheln incorporates by reference its responses to all preceding paragraphs above as though fully set out here in response to paragraph 98.

98.     Orscheln denies the allegations of paragraph 99.

99.     Orscheln denies the allegations of paragraph 100.

100.    Orscheln denies the allegations of paragraph 101.

Orscheln respectfully request that this Court dismiss this action with prejudice and enter judgment in favor of Orscheln and against plaintiffs on all counts of the petition and grant such other relief as this Court deems just and proper, including an award of Orscheln's costs incurred in this action.

9

**AFFIRMATIVE DEFENSES**

1.      Orscheln denies all allegations of the petition not previously admitted or denied above.

2.      The petition fails to state a claim upon which relief may be granted.

3.      Plaintiffs lack standing to assert the claims alleged.

4.      Plaintiffs' claims are time barred by the applicable statute of limitations.

5.      The relief sought in the petition is barred because plaintiffs suffered no concrete and particularized, actual, imminent or cognizable injury.

6.      The relief sought in the petition is barred by the disclosure made in disclosures made concerning the subject products.

7.      The relief sought in the petition is barred by the doctrines of equitable recoupment and equitable estoppel.

8.      The relief sought in the petition is barred by the doctrines of waiver.

9.      Plaintiffs are barred from recovery against Orscheln under Mo. Rev. Stat. § 407.020.2(2).

10.      Plaintiffs are barred from recovery because Orscheln's alleged actions did not occur in connection with a sale for purposes of Mo. Rev. Stat. § 407.020.

11.      Plaintiffs did not suffer an ascertainable loss caused by Orscheln as a result of an act declared unlawful under Mo. Rev. Stat. § 407.020.

12.      Plaintiffs did not purchase the subject products for personal, family or household purposes.

13.      The relief sought in the petition is barred in whole or in part by plaintiffs' failure to mitigate damages and/or avoid the consequences of their own conduct.

10

Electronically Filed - Cass - July 05, 2018 - 04:39 PM

14.     To the extent that plaintiffs have been debtors in a bankruptcy case in which their claims were or could have been identified as an asset, the claims are barred because plaintiffs and the purported class lack standing to pursue the claims.

15.     The claims alleged and relief sought in the petition is barred by the economic loss doctrine.

16.     Plaintiffs' injuries, if any, were caused, in whole or in part, by their voluntary actions.

17.     The claims alleged and relief sought in the petition are barred to the extent they allege redundant or inconsistent causes of action, including causes of action seeking duplicative recovery.

18.     The claims alleged and relief sought in the petition are barred by consent, notification, ratification, acceptance, acquiescence, and/or by virtue of the parties' course of dealing.

19.     Plaintiffs' claims for punitive or exemplary damages or relief are not cognizable or recoverable, are improper and barred by law.

20.     Plaintiffs' punitive damage claims are barred by the applicable provisions of the Missouri Constitution and/or United States Constitution, including but not limited to, Article I, Bill of Rights, Sections 2, 10, 13, 19 and 21 of the Constitution of 1945 of the State of Missouri, and the 5th, 8th and 14th Amendments to the United States Constitution in that a punitive damage award would deprive Orscheln of property without due process of law and deny Orscheln equal protection of the law; punitive damages impose a retroactive standard governing liability and the amount of the penalty; an award of punitive damages is precluded because, inter alia, the standards for same are too vague to give notice of the conduct prohibited, and they would subject Orscheln

11

to multiple jeopardy, excessive fines, and unusual punishment; and punitive damages are not rationally related to a legitimate state interest, and are not the least restrictive means to accomplish said interest.

21.     A punitive damage award against Orscheln would deny Orscheln property without due process of law in violation of the 5th and 14th Amendments to the Constitution of the United States and/or Article 1, section 2 and/or 10 of the Constitution of 1945 of the State of Missouri because there are insufficient legal standards for the jury to determine the amount of any such damages so as to allow awards that: (1) are grossly excessive or wholly disproportionate to the offense and obviously unreasonable; and (2) give the Orscheln no notice of the consequences of Orscheln's conduct.

22.     Plaintiffs' claim for punitive damages is unconstitutional because it seeks to punish Orscheln without the protection of Constitutional safeguards, including, but not limited to, proof beyond a reasonable doubt, and/or a standard higher than "a preponderance of the evidence," the right to a speedy trial, the prohibition against double jeopardy and freedom from self-incrimination during the discovery process and trial, which are guaranteed under the 5th, 6th, 8th and 14th Amendments of the Constitution of the United States and the Constitution of the State of Missouri, Article 1, Sections 18(a) 19, 21 and 22(a); and any law of the State of Missouri, whether enacted by the Missouri legislature or founded upon the decisions or rules of Missouri courts which would permit Plaintiffs to recover punitive damages without the protection of such safeguards is unconstitutional.

23.     Orscheln reserves the right to identify and advance any further affirmative defenses that may apply in this action.

8836687 v1

Orscheln respectfully request that this Court dismiss this action with prejudice and enter judgment in favor of Orscheln and against plaintiffs on all counts of the petition and grant such other relief as this Court deems just and proper, including an award of Orscheln's costs incurred in this action.

Dated: July 5, 2018

SHOOK, HARDY & BACON L.L.P.

By: /s/ *Todd W. Ruskamp*
    Todd W. Ruskamp, MO #38625
    Russell Shankland, MO #63238
    Devan C. Rittler, MO #70326

2555 Grand Blvd.
Kansas City, Missouri 64108
Telephone: 816.474.6550
Facsimile: 816.421.5547
truskamp@shb.com

Attorneys for Defendant Orscheln Farm and Home, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2018, I electronically filed the foregoing with the Court by using the Court's electronic filing system, which sent out notification of such filing to all counsel of record.

Gene P. Graham, Jr.
Bryan T. White
WHITE, GRAHAM, BUCKLEY, & CARR, L.L.C.
19049 East Valley View Parkway
Independence, MO 64005

13

8836687 v1

Thomas V. Bender
Dirk Hubbard
HORN AYLWARD & BANDY, LLC
2600 Grand, Ste. 1100
Kansas City, MO 64108

Clayton Jones
CLAYTON JONES, ATTORNEY AT LAW
P.O. Box 257
405 W. 58 Hwy.
Raymore, MO 64083

          /s/ *Todd W. Ruskamp*
          Attorney for Defendant Orscheln Farm and
          Home, LLC

8836687 v1

**IN THE CIRCUIT COURT OF CASS COUNTY**
**STATE OF MISSOURI**

| | |
|---|---|
| **SHAWN HORNBECK and MONTE BURGESS, each on behalf of himself and others similarly situated;** | ) ) ) ) |
| **Plaintiffs,** | ) ) |
| **v.** | ) ) Case No. 18CA-CC00106 |
| **ORSCHELN FARM AND HOME, LLC d/b/a ORSCHELN FARM AND HOME** | ) ) ) |
| **and** | ) ) |
| **CITGO PETROLEUM CORPORATION** | ) ) |
| **Defendants.** | ) ) ) |

## ENTRY OF APPEARANCE ON BEHALF OF DEFENDANT CITGO PETROLEUM CORPORATION

COME NOW Abby L. Risner, Robert L. Duckels and John Drake, of Greensfelder, Hemker & Gale, P.C., and hereby enter their appearance as counsel for Defendant CITGO Petroleum Corporation.

Dated: July 10, 2018

Respectfully submitted,

GREENSFELDER, HEMKER & GALE, P.C.

By ____/s/ Abby L. Risner_____
Abby L. Risner, MO # 57999
alr@greensfelder.com
Robert L. Duckels, MO # 52432
rld@greensfelder.com
John C. Drake, MO # 64822
jdrake@greensfelder.com
10 S. Broadway, Suite 2000
St. Louis, MO 63102
Telephone: (314) 345-4785
Facsimile: (314) 345-5465

*Attorneys for Defendant CITGO Petroleum Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2018, I electronically filed the Entry of Appearance with the Clerk for the Circuit Court of Cass County by using the ECF system. Participants in the case who are registered ECF users will be served by the Missouri State Court ECF system.

*/s/ Abby L. Risner____*

**IN THE CIRCUIT COURT OF CASS COUNTY**
**STATE OF MISSOURI**

|  |  |  |
|---|---|---|
| **SHAWN HORNBECK and MONTE BURGESS, each on behalf of himself and others similarly situated;** | ) ) ) ) |  |
| **Plaintiffs,** | ) ) | **Case No. 18CA-CC00106** |
| **v.** | ) ) |  |
| **ORSCHELN FARM AND HOME, LLC d/b/a ORSCHELN FARM AND HOME** | ) ) ) |  |
| **and** | ) ) |  |
| **CITGO PETROLEUM CORPORATION** | ) ) |  |
| **Defendants.** | ) ) |  |

## UNOPPOSED MOTION FOR ADDITIONAL TIME TO FILE DEFENDANT CITGO PETROLEUM CORPORATION'S INITIAL RESPONSIVE PLEADING

COMES NOW Defendant CITGO Petroleum Corporation ("CITGO"), by its undersigned counsel, to request additional time up to and including August 10, 2018 within which to file its initial responsive pleading.

1.  On May 25, 2018, Plaintiffs filed a Class Action Petition.

2.  CITGO's initial responsive pleading to the Class Action Petition is currently due on July 11, 2018.

3.  CITGO respectfully requests an extension of time up to and including August 10, 2018 to file its initial responsive pleading, including any answer or motion to dismiss.

4.  Plaintiffs do not object to CITGO's extension of time.

5.  The extension is not sought for any improper purpose or to cause undue delay.

1743336

This request is the first extension of time for CITGO's response to the Class Action Petition.

WHEREFORE, Defendant CITGO Petroleum Corporation respectfully requests an extension up to and including August 10, 2018 to file its initial responsive pleading.

Respectfully submitted,

Dated: July 10, 2018

GREENSFELDER, HEMKER & GALE, P.C.

By ___/s/ Abby L. Risner_____
Abby L. Risner, MO # 57999
alr@greensfelder.com
Robert L. Duckels, MO # 52432
rld@greensfelder.com
John C. Drake, MO # 64822
jdrake@greensfelder.com
10 S. Broadway, Suite 2000
St. Louis, MO 63102
Telephone: (314) 345-4785
Facsimile: (314) 345-5465

*Attorneys for Defendant CITGO Petroleum Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2018, I electronically filed the foregoing Motion with the Clerk for the Circuit Court of Cass County by using the ECF system. Participants in the case who are registered ECF users will be served by the Missouri State Court ECF system.

*/s/ Abby L. Risner*

1743336

Electronically Filed - Cass - August 10, 2018 - 04:26 PM

IN THE CIRCUIT COURT OF CASS COUNTY, MISSOURI

| | | |
|---|---|---|
| SHAWN HORNBECK and MONTE BURGESS, each on behalf of himself and others similarly situated;<br><br>Plaintiff,<br><br>v.<br><br>ORSCHELN FARM AND HOME, LLC d/b/a ORSCHELN FARM AND HOME<br><br>-and-<br><br>CITGO PETROLEUM CORPORATION<br><br>Defendants. | ) | Case No. 18CA-CC00106 |

## CERTIFICATE OF SERVICE

COME NOW Plaintiffs, by and through counsel, and hereby certify to the court that the following documents were served via electronic mail to counsel of record:

- Plaintiffs' First Interrogatories to Defendant Orscheln.Farm and Home, LLC; and,
- Plaintiffs' First Requests for Production of Documents to Defendant Orscheln Farm and Home, LLC.

Date: August 10, 2018

Respectfully submitted,

WHITE, GRAHAM, BUCKLEY,
& CARR, L.L.C

BY: /s/ Gene P. Graham, Jr.
Gene P. Graham, Jr. MO 34950
Bryan T. White MO 58805
19049 East Valley View Parkway
Independence, Missouri 64055
(816) 373-9080 Fax: (816) 373-9319
ggraham@wagblaw.com
bwhite@wagblaw.com

-and-

HORN AYLWARD & BANDY, LLC

BY: ___/s/ Dirk Hubbard_____
        Thomas V. Bender, MO Bar #28099
        Dirk Hubbard, MO Bar #37936
        2600 Grand, Ste. 1100
        Kansas City, MO 64108
        (816) 421-0700
        (816) 421-0899 (Fax)
        dhubbard@hab-law.com

        -and-

CLAYTON JONES, ATTORNEY AT LAW

BY: ____/s/ Clayton A. Jones_____
        Clayton Jones      MO51802
        P.O. Box 257
        405 W. 58 Hwy.
        Raymore, MO 64083
        Office: (816) 318-4266
        Fax: (816) 318-4267
        claytonjoneslaw.com

**ATTORNEYS FOR PLAINTIFFS
AND CLASS MEMBERS**

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that this document was filed electronically with the Circuit Court of Cass County, Missouri using the Missouri Courts e-Filing System, with notice of case activity to be generated and sent electronically by the Clerk of the Court to all designated persons on this 10th day of August 2018.

                          _____/s/ Dirk Hubbard_____

2

IN THE CIRCUIT COURT OF CASS COUNTY, MISSOURI

SHAWN HORNBECK and
MONTE BURGESS, each on behalf of )
himself and others similarly situated; )
)
Plaintiff, )
) Case No. 18CA-CC00106
v. )
)
ORSCHELN FARM AND HOME, LLC )
d/b/a ORSCHELN FARM AND HOME )
)
-and- )
)
CITGO PETROLEUM CORPORATION )
)
Defendants. )

## CERTIFICATE OF SERVICE

COME NOW Plaintiffs, by and through counsel, and hereby certify to the court that the

following documents were served via electronic mail to counsel of record:

- Plaintiffs' First Interrogatories to Defendant Citgo Petroleum Corporation.; and,

- Plaintiffs' First Requests for Production of Documents to Defendant Citgo Petroleum

  Corporation.


Date: August 10, 2018                          Respectfully submitted,


                                    WHITE, GRAHAM, BUCKLEY,
                                    & CARR, L.L.C

                                    BY:_____/s/ Gene P. Graham, Jr._____
                                          Gene P. Graham, Jr.   MO 34950
                                          Bryan T. White        MO 58805
                                          19049 East Valley View Parkway
                                          Independence, Missouri 64055
                                          (816) 373-9080 Fax: (816) 373-9319
                                          ggraham@wagblaw.com
                                          bwhite@wagblaw.com

1

-and-

HORN AYLWARD & BANDY, LLC

BY:   */s/ Dirk Hubbard*
          Thomas V. Bender, MO Bar #28099
          Dirk Hubbard, MO Bar #37936
          2600 Grand, Ste. 1100
          Kansas City, MO 64108
          (816) 421-0700
          (816) 421-0899 (Fax)
          dhubbard@hab-law.com

          -and-

CLAYTON JONES, ATTORNEY AT LAW

BY:   /s/ Clayton A. Jones
          Clayton Jones      MO51802
          P.O. Box 257
          405 W. 58 Hwy.
          Raymore, MO 64083
          Office: (816) 318-4266
          Fax: (816) 318-4267
          claytonjoneslaw.com

**ATTORNEYS FOR PLAINTIFFS
AND CLASS MEMBERS**

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that this document was filed electronically with the Circuit Court of Cass County, Missouri using the Missouri Courts e-Filing System, with notice of case activity to be generated and sent electronically by the Clerk of the Court to all designated persons on this 10th day of August 2018.

          */s/ Dirk Hubbard*

2

IN THE CIRCUIT COURT OF CASS COUNTY
STATE OF MISSOURI

|  |  |  |
|---|---|---|
| SHAWN HORNBECK and MONTE BURGESS, each on behalf of himself and others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 18CA-CC00106 |
| v. | ) ) | |
| ORSCHELN FARM AND HOME, LLC d/b/a ORSCHELN FARM AND HOME | ) ) ) | |
| and | ) ) | |
| CITGO PETROLEUM CORPORATION, | ) ) | |
| Defendants. | ) ) | |

## CITGO PETROLEUM CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' CLASS ACTION PETITION

Defendant CITGO Petroleum Corporation ("CITGO"), by and through its undersigned counsel, and for its Answer to Plaintiffs' Class Action Petition, states as follows:

### PARTIES

1.  **ANSWER:** **CITGO lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 and therefore denies the same.**

2.  **ANSWER:** **CITGO lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 and therefore denies the same.**

3.  **ANSWER:** **CITGO lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 and therefore denies the same.**

4.  **ANSWER:** **CITGO admits that it is a for-profit company authorized to do business in the State of Missouri, incorporated in Delaware with its principal place of business in Houston, Texas. CITGO further admits that it sold Orscheln Premium 303 Tractor Fluid and MileMaster 303 Tractor Hydraulic Fluid to suppliers in Missouri. CITGO denies all remaining allegations in Paragraph 4 not expressly admitted herein.**

1

5.      **ANSWER:**    CITGO denies the allegations in Paragraph 5.

## JURISDICTION AND VENUE

6.      **ANSWER: The allegations in Paragraph 6 state a legal conclusion to which no response is required.  To the extent a response is required, CITGO denies those allegations.**

7.      **ANSWER: The allegations in Paragraph 7 state a legal conclusion to which no response is required.  To the extent a response is required, CITGO admits the court has personal jurisdiction over CITGO with respect to Plaintiffs' claims and denies any remaining allegations.**

8.      **ANSWER: The allegations in Paragraph 8 state a legal conclusion to which no response is required.  To the extent a response is required, CITGO admits those allegations.**

9.      **ANSWER: The allegations in Paragraph 9 state a legal conclusion to which no response is required.  To the extent a response is required, CITGO lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 and therefore denies the same and states that the allegation is contrary to *Standard Fire Ins. Co. v. Knowles*.**

10.     **ANSWER: The allegations in Paragraph 10 state a legal conclusion to which no response is required.  To the extent a response is required, CITGO lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 and therefore denies the same and states that the allegation is contrary to *Standard Fire Ins. Co. v. Knowles*.**

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

11.     **ANSWER: CITGO lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 and therefore denies the same.**

12.     **ANSWER: CITGO denies that it sold products within Cass County, but admits the remaining allegations in Paragraph 12.**

13.     **ANSWER: CITGO lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 and therefore denies the same.**

14.     **ANSWER: CITGO admits that during some or all of the five year period prior to the filing of this Class Action Petition, CITGO manufactured the Orscheln Premium 303 Tractor Fluid and MileMaster 303 Tractor Hydraulic Fluid sold by Orscheln.  CITGO denies all remaining allegations in Paragraph 14 not expressly admitted herein.**

2

**Defendants' Deceptive Marketing and Advertising**

15.    **ANSWER:** CITGO admits that it marketed the MileMaster 303 Tractor Hydraulic Fluid, and that the terms of the marketing speak for themselves. To the extent the allegations in this paragraph are consistent therewith, they are admitted, and to the extent inconsistent therewith, they are denied. CITGO lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 15 and therefore denies the same.

16.    **ANSWER:** CITGO denies the allegations in Paragraph 16.

17.    **ANSWER:**    CITGO denies the allegations in Paragraph 17.

18.    **ANSWER:** CITGO lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 and therefore denies the same.

19.    **ANSWER:** CITGO lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 and therefore denies the same.

20.    **ANSWER:** CITGO denies the allegations in Paragraph 20.

21.    **ANSWER:** CITGO lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 and therefore denies the same.

22.    **ANSWER:** CITGO denies the allegations in Paragraph 22.

23.    **ANSWER:** CITGO denies the allegations in Paragraph 23.

24.    **ANSWER:** CITGO denies the allegations in Paragraph 24.

25.    **ANSWER:** CITGO denies the allegations in Paragraph 25.

**The State of Missouri's Testing of 303 THF**

26.    **ANSWER:** CITGO lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 and therefore denies the same.

27.    **ANSWER:** CITGO lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 and therefore denies the same.

28.    **ANSWER:**    CITGO admits that the Missouri Department of Agriculture tested Mile Master 303 Tractor Hydraulic Fluid and Orscheln Premium 303 Tractor Hydraulic & Transmission Fluid and concluded that they failed to meet the specification limits. CITGO denies all remaining allegations in Paragraph 28 not expressly admitted

3

herein.

29.   **ANSWER:** CITGO lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 and therefore denies the same.

<u>Plaintiffs' Experience with Defendants' Advertising and Products</u>

30.   **ANSWER:** CITGO lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 and therefore denies the same.

31.   **ANSWER:** CITGO lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 and therefore denies the same.

32.   **ANSWER:** CITGO lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 and therefore denies the same.

33.   **ANSWER:** CITGO lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 and therefore denies the same.

34.   **ANSWER:** CITGO lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 and therefore denies the same.

35.   **ANSWER:** CITGO lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 and therefore denies the same.

36.   **ANSWER:** CITGO lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 and therefore denies the same.

37.   **ANSWER:** CITGO denies the allegations in Paragraph 37.

38.   **ANSWER:** CITGO denies the allegations in Paragraph 38.

39.   **ANSWER:** CITGO lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 and therefore denies the same.

40.   **ANSWER:** CITGO denies the allegations in Paragraph 40.

41.   **ANSWER:** CITGO denies the allegations in Paragraph 41.

**CLASS ACTION ALLEGATIONS**

42.   **ANSWER:** CITGO admits that Plaintiffs purport to bring this action on behalf of a putative class of persons.  Except as so state, CITGO denies the allegations in this paragraph and denies any allegation that this case meets the requirements for certification as a class action.

4

43. **ANSWER: CITGO admits that Plaintiffs purport to bring this action on behalf of a putative class of persons. Except as so state, CITGO denies the allegations in this paragraph and denies any allegation that this case meets the requirements for certification as a class action.**

44. **ANSWER: CITGO admits that it sold certain 303 THF products to retailers in Missouri. Plaintiffs purport to bring this action on behalf of a putative class of persons. CITGO denies any allegation that this case meets the requirements for certification as a class action. CITGO lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 44 and therefore denies the same.**

45. **ANSWER: CITGO admits that Plaintiffs purport to bring this action on behalf of a putative class of persons. Except as so state, CITGO denies the allegations in this paragraph and denies any allegation that this case meets the requirements for certification as a class action.**

46. **ANSWER: CITGO admits that Plaintiffs purport to bring this action on behalf of a putative class of persons. Except as so state, CITGO denies the allegations in this paragraph and denies any allegation that this case meets the requirements for certification as a class action.**

47. **ANSWER: CITGO admits that Plaintiffs purport to bring this action on behalf of a putative class of persons. Except as so state, CITGO denies the allegations in this paragraph and denies any allegation that this case meets the requirements for certification as a class action.**

48. **ANSWER: CITGO admits that Plaintiffs purport to bring this action on behalf of a putative class of persons. Except as so state, CITGO denies the allegations in this paragraph and denies any allegation that this case meets the requirements for certification as a class action.**

49. **ANSWER: CITGO admits that Plaintiffs purport to bring this action on behalf of a putative class of persons. Except as so state, CITGO denies the allegations in this paragraph and denies any allegation that this case meets the requirements for certification as a class action.**

50. **ANSWER: CITGO admits that Plaintiffs purport to bring this action on behalf of a putative class of persons. Except as so state, CITGO denies the allegations in this paragraph and denies any allegation that this case meets the requirements for certification as a class action.**

51. **ANSWER: CITGO admits that Plaintiffs purport to bring this action on behalf of a putative class of persons. Except as so state, CITGO denies the allegations in this paragraph and denies any allegation that this case meets the requirements for certification as a class action.**

52. **ANSWER:** CITGO admits that the Petition asserts the claims in Counts I through VI, but denies those claims and the remaining allegations in Paragraph 52.

## COUNT I

### (Violations of Missouri's Merchandising Practices Act)

### (Plaintiffs and All Class Members Who Purchased For Personal, Family, Household Use)

53. **ANSWER:** CITGO reasserts and incorporates its responses to each and every allegation set forth above as though fully set forth within this response.

54. **ANSWER:** CITGO lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54 and therefore denies the same.

55. **ANSWER:** CITGO denies the allegations in Paragraph 55.

56. **ANSWER:** CITGO denies the allegations in Paragraph 56.

57. **ANSWER:** CITGO denies the allegations in Paragraph 57.

58. **ANSWER:** CITGO denies the allegations in Paragraph 58.

59. **ANSWER:** CITGO denies the allegations in Paragraph 59.

60. **ANSWER:** CITGO denies the allegations in Paragraph 60.

61. **ANSWER:** CITGO denies the allegations in Paragraph 61.

62. **ANSWER:** CITGO denies the allegations in Paragraph 62.

## COUNT II

### (Breach of Express Warranty – Plaintiffs and All Class Members)

63. **ANSWER:** CITGO reasserts and incorporates its responses to each and every allegation set forth above as though fully set forth within this response.

64. **ANSWER:** CITGO lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 64 and therefore denies the same.

65. **ANSWER:** CITGO denies the allegations in Paragraph 65.

66. **ANSWER:** CITGO denies the allegations in Paragraph 66.

6

67.     **ANSWER:** **CITGO denies the allegations in Paragraph 67.**

68.     **ANSWER:** **CITGO denies the allegations in Paragraph 68.**

69.     **ANSWER:** **CITGO denies the allegations in Paragraph 69.**

70.     **ANSWER:** **CITGO denies the allegations in Paragraph 70.**

## COUNT III

**(Breach of Implied Warranty – Plaintiffs and All Class Members)**

71.     **ANSWER:** **CITGO reasserts and incorporates its responses to each and every allegation set forth above as though fully set forth within this response.**

72.     **ANSWER:** **CITGO lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 72 and therefore denies the same.**

73.     **ANSWER:** **CITGO denies the allegations in Paragraph 73.**

74.     **ANSWER:** **CITGO lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 74 and therefore denies the same.**

75.     **ANSWER:** **CITGO denies the allegations in Paragraph 75.**

76.     **ANSWER:** **CITGO denies the allegations in Paragraph 76.**

## COUNT IV

**(Fraudulent Misrepresentation – Plaintiffs and All Class Members)**

77.     **ANSWER:** **CITGO reasserts and incorporates its responses to each and every allegation set forth above as though fully set forth within this response.**

78.     **ANSWER:** **CITGO denies the allegations in Paragraph 78.**

79.     **ANSWER:** **CITGO denies the allegations in Paragraph 79.**

80.     **ANSWER:** **CITGO denies the allegations in Paragraph 80.**

81.     **ANSWER:** **CITGO denies the allegations in Paragraph 81.**

82.     **ANSWER:** **CITGO lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 82 and therefore denies the same.**

83.     **ANSWER:** CITGO denies the allegations in Paragraph 83.

84.     **ANSWER:** CITGO denies the allegations in Paragraph 84.

85.     **ANSWER:** CITGO denies the allegations in Paragraph 85.

86.     **ANSWER:** CITGO denies the allegations in Paragraph 86.

87.     **ANSWER:** CITGO denies the allegations in Paragraph 87.

88.     **ANSWER:** CITGO denies the allegations in Paragraph 88.

## COUNT V

### (Negligent Misrepresentation – Plaintiffs and All Class Members)

89.     **ANSWER:** CITGO reasserts and incorporates its responses to each and every allegation set forth above as though fully set forth within this response.

90.     **ANSWER:** CITGO denies the allegations in Paragraph 90.

91.     **ANSWER:** CITGO denies the allegations in Paragraph 91.

92.     **ANSWER:** CITGO lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 92 and therefore denies the same.

93.     **ANSWER:** CITGO denies the allegations in Paragraph 93.

94.     **ANSWER:** CITGO denies the allegations in Paragraph 94.

95.     **ANSWER:** CITGO denies the allegations in Paragraph 95.

96.     **ANSWER:** CITGO denies the allegations in Paragraph 96.

97.     **ANSWER:** CITGO denies the allegations in Paragraph 97.

## COUNT VI

### (Unjust Enrichment – Plaintiffs and All Class Members)

98.     **ANSWER:** CITGO reasserts and incorporates its responses to each and every allegation set forth above as though fully set forth within this response.

99.     **ANSWER:** CITGO denies the allegations in Paragraph 99.

8

100. **ANSWER: CITGO denies the allegations in Paragraph 100.**

101. **ANSWER: CITGO denies the allegations in Paragraph 101.**

### AFFIRMATIVE DEFENSES

CITGO asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

The Petition, and each and every alleged cause of action therein, fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs and putative class members lack standing.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' and putative class members' claims are barred in whole or in part by the statute of limitations or repose provisions, including Mo. Rev. Stat. §§ 516.120, 400.2-725.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs and putative class members are barred from bringing their claims by their failure to mitigate damages because, among other things, they did not pursue reasonable means of mitigating their alleged damages or any alleged harm.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs and putative class members have waived, by reason of their conduct, actions and omissions, any right they may have to assert their alleged claims.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' and putative class members' claims are barred, in whole or in part, by the doctrine of laches, in that Plaintiffs unreasonably delayed in bringing this action in a way that prejudiced the rights of Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' and putative class members' claims fail because Plaintiffs have not alleged or suffered any damages and any damages are purely speculative.

## EIGHTH AFFIRMATIVE DEFENSE

The claims alleged and relief sought in the Petition are barred by the economic loss doctrine.

## NINETH AFFIRMATIVE DEFENSE

Plaintiffs' and putative class members' claims fail because Plaintiffs failed to give reasonable and timely notice of breach as required by law.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' and putative class members' claims fail because they are barred and/or limited by any and all express conditions or disclaimers given to Plaintiffs.

## ELEVENTH AFFIRMATIVE DEFENSE

Any damages alleged by Plaintiffs were caused by Plaintiffs' own conduct, misuse, modification or misapplication.

## TWELTH AFFIRMATIVE DEFENSE

CITGO pleads all constitutional limitations on liability and damages. Plaintiffs' and putative class members' claim for punitive damages cannot be sustained, because any award of punitive damages would be penal in nature and would violate CITGO's rights of due process. Plaintiffs' claim for punitive damages is barred by the Due Process Clause of the United States Constitution, amend. V, VI and XIV, §1, and by Article I, Sections 2, 8, 10, 13, 14, 18(a), 19 and 21 of the Missouri Constitution.

10

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' and putative class members' claim for punitive damages is unconstitutional because it seeks to punish CITGO without the protection of Constitutional safeguards, including, but not limited to, proof beyond a reasonable doubt, and/or a standard higher than "a preponderance of the evidence," the right to a speedy trial, the prohibition against double jeopardy and freedom from self-incrimination during the discovery process and trial, which are guaranteed under the 5th, 6th, 8th and 14th Amendments of the Constitution of the United States and the Constitution of the State of Missouri, Article 1, Sections 18(a) 19, 21 and 22(a); and any law of the State of Missouri, whether enacted by the Missouri legislature or founded upon the decisions or rules of Missouri courts which would permit Plaintiffs to recover punitive damages without the protection of such safeguards is unconstitutional.

Further, to the extent that Plaintiffs seek recovery of punitive damages from Defendant, Defendant states that the substantive laws of the State of Missouri concerning the assessment and imposition of punitive damages violate protections afforded under the Fourteenth Amendment to the United States Constitution in that unlimited jury and/or judicial discretion in the fixing of punitive damages invites extreme results that are unacceptable under the Due Process Clause of the Fourteenth Amendment of the United States Constitution. Under Missouri law, no reasonable constraints on the exercise of the jury's discretion in awarding punitive damages are furnished by jury instructions (or otherwise), including that Missouri's procedural and substantive law on punitive damages conflicts with the procedural and substantive standards set forth in, at a minimum, *Pacific Life Insurance Co. v. Haslip*, 499 U.S. 1306, 111 S.Ct. 1032 (1991), *BMW of North America, Inc. v. Gore*, 116 S.Ct. 1589 (1996) and *State Farm Mutual Automobile Insurance Company v. Campbell*, 123 S.Ct. 1513

(2003). The absence of instructional directives to the jury to consider the factors required allows impermissible and unconstitutional vagueness and ambiguity in the jury instruction, deliberation and verdict. This vagueness and ambiguity in turn threatens to deprive this Defendant of its property without due process of law.

The imposition of punitive damages under the facts of this case would violate the protections afforded under Article I, §§ 9 and 10, and under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution. Specifically, the substantive laws of the State of Missouri concerning the assessment and imposition of punitive damages are unconstitutionally vague and arbitrary; the punitive damages alleged in this case violate the prohibition against double jeopardy and ex post facto laws; the punitive damages alleged in this case are excessive punishment; and the punitive damages alleged in this case would deny Defendant its rights to substantive and procedural due process and equal protection of the law.

Plaintiffs' request for imposition of punitive damages is highly penal and tantamount to a criminal offense, therefore triggering the protection of the aforesaid sections of the United States Constitution. Accordingly, the evidentiary burden of proof which Plaintiffs must satisfy and fulfill as a condition precedent to the award of punitive damages is that of "proof beyond a reasonable doubt," or, at a minimum, proof by "clear, cogent and convincing evidence" that the conduct of this Defendant was tantamount to intentional wrongdoing. Imposition of punitive damages in favor of Plaintiffs based upon their mere demonstration of proof by "a preponderance of the evidence" violates the constitutional protection afforded by the Constitution of the United States. This Defendant further states that any seizure of its monies or property for satisfaction of any punitive damage award sought by Plaintiffs is unreasonable, illegal and unlawful in that this Defendant would be deprived of his property without due process of law in what amounts to be

12

the imposition of criminal punishment. The imposition of punitive damages in this case would violate the Excessive Fines Clause of the Missouri Constitution.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class member's claims fail pursuant to hold harmless clauses, limitation of liability clauses and/or waiver clauses which may exist with respect to the products at issue.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs failed to join all parties necessary for a just adjudication of this matter pursuant to Missouri Rule of Civil Procedure 52.04.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class member's claims fail for lack of privity.

## SEVENTEENTH AFFIRMATIVE DEFENSE

As an affirmative defense to each cause of action in the Petition, the liability of CITGO, if any, is subject to the limitations set forth in the Missouri Product Liability Act, Mo. Rev. Stat. § 537.760, et seq.

## EIGHTTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class member's claims fail because any damages were proximately caused by unforeseeable misuse, unintended use, and/or abuse of the product involved.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class member's claims fail because any damages were proximately caused by the failure to take precautions that a reasonably prudent user of the product would take.

13

Electronically Filed - Cass - August 10, 2018 - 04:13 PM

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class member's claims fail because the product allegedly involved was in conformity with the generally recognized state of the art at the time that it was designed, manufactured, inspected, packaged, labeled and sold.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class member's claims fail because any damages were caused by the failure to heed proper warnings regarding the proper use of the product.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class member's claims fail because any damages were caused or contributed to be caused by the acts or omissions of a person(s) or entity(ies) over whom CITGO had neither control nor right of control, and those person(s) or entity(ies) should bear all or some of the fault at issue in this case.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class member's claims fail because any damages were caused by (an) intervening and/or superseding cause(s) for which CITGO is not responsible or liable.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class member's claims fail because any product at issue was not in its original, unaltered and unmodified condition at the time of the incident in question.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class member's claims fail because Plaintiffs allege claims imposing requirements on CITGO beyond those put forth by federal law, regulations, or standards, those state law claims are preempted by federal law.

14

Electronically Filed - Cass - August 10, 2018 - 04:13 PM

## **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Defendants reserve the right to assert any applicable affirmative defense or matters constituting avoidance, which become known or available during the course of this lawsuit.

WHEREFORE, having fully answered Plaintiffs' Class Action Petition, CITGO respectfully requests that Plaintiffs take nothing by reason of their Petition; that judgment be entered in favor of CITGO; the Court award CITGO its attorney fees, costs and expenses incurred herein; and any other and further relief that the Court deems just and proper.

<div style="text-align:right">

Respectfully submitted,

</div>

Dated: August 10, 2018    GREENSFELDER, HEMKER & GALE, P.C.


By    /s/ Abby L. Risner
Abby L. Risner, MO # 57999
alr@greensfelder.com
Robert L. Duckels, MO # 52432
rld@greensfelder.com
John C. Drake, MO # 64822
jdrake@greensfelder.com
10 S. Broadway, Suite 2000
St. Louis, MO 63102
Telephone: (314) 345-4785
Facsimile: (314) 345-5465

*Attorneys for Defendant CITGO Petroleum Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 10, 2018, I electronically filed the foregoing Motion with the Clerk for the Circuit Court of Cass County by using the ECF system. Participants in the case who are registered ECF users will be served by the Missouri State Court ECF system.

*/s/ Abby L. Risner*

16

Electronically Filed - Cass - October 10, 2018 - 06:44 PM

IN THE CIRCUIT COURT OF CASS COUNTY, MISSOURI

SHAWN HORNBECK and
MONTE BURGESS, each on behalf of        )
himself and others similarly situated;  )
                                        )
                    Plaintiff,          )
                                        )        Case No. 18CA-CC00106
            v.                          )
                                        )
ORSCHELN FARM AND HOME, LLC             )
d/b/a ORSCHELN FARM AND HOME            )
                                        )
-and-                                   )
                                        )
CITGO PETROLEUM CORPORATION             )
                                        )
                    Defendants.         )

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of (1) Defendant CITGO Petroleum Corporation's Responses to Plaintiff's First Request for the Production of Documents and (2) Defendant CITGO Petroleum Corporation's Answers to Plaintiff's First Set of Interrogatories were served via e-mail and U.S. Mail on October 10, 2018, on the following:

| | | |
|---|---|---|
| Gene P. Graham, Jr. | Thomas V. Bender | Clayton Jones |
| Bryan T. White | Dirk Hubbard | Clayton Jones, |
| White, Graham, Buckley | Horn Aylward & Bandy |   Attorney at Law |
|   & Car, L.L.C. | 2600 Grand, Ste. 1100 | P.O. Box 257 |
| 19049 East Valley View Parkway | Kansas City, MO 64108 | 405 W. 58 Hwy. |
| Independence, MO 64055 | dhubbard@hab-law.com | Raymore, MO 64083 |
| ggraham@wagblaw.com | | claytonjoneslaw.com |
| bwhite@wagblaw.com | | |

Dated: October 10, 2018       GREENSFELDER, HEMKER & GALE, P.C.

By    */s/ John C. Drake*
Abby L. Risner, MO # 57999
alr@greensfelder.com
Robert L. Duckels, MO # 52432
rld@greensfelder.com
John C. Drake, MO # 64822
jdrake@greensfelder.com
10 S. Broadway, Suite 2000
St. Louis, MO 63102
Telephone: (314) 345-4785
Facsimile: (314) 345-5465

*Attorneys for Defendant CITGO Petroleum Corporation*

## CERTIFICATE OF SERVICE

    I certify that on the 31st day of August, 2018, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system on all counsel of record.

*/s/ John C. Drake*

1761638

2

IN THE CIRCUIT COURT OF CASS COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| SHAWN HORNBECK and | ) | |
| MONTE BURGESS, each on behalf of | ) | |
| himself and others similarly situated; | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 18CA-CC00106 |
| v. | ) | |
| | ) | |
| ORSCHELN FARM AND HOME, LLC | ) | |
| d/b/a ORSCHELN FARM AND HOME | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| CITGO PETROLEUM CORPORATION | ) | |
| | ) | |
| Defendants. | ) | |

## **JOINT MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER**

COME NOW Defendants CITGO Petroleum Corporation and Orscheln Farm and Home, LLC, d/b/a Orscheln Farm and Home, and Plaintiffs Shawn Hornbeck and Monte Burgess, though their respective undersigned counsel, and, pursuant to Rule 56(c), respectfully move that the Court enter the Stipulated Protective Order attached hereto. The grounds for entry of a Protective Order governing discovery in this case are set forth in the parties' stipulation.

Dated: November 15, 2018

Respectfully submitted,

[signature page follows]

1766181

1

GREENSFELDER, HEMKER & GALE, P.C.

By ____/s/ Abby L. Risner_____
Abby L. Risner, MO # 57999
alr@greensfelder.com
Robert L. Duckels, MO # 52432
rld@greensfelder.com
John C. Drake, MO # 64822
jdrake@greensfelder.com
10 S. Broadway, Suite 2000
St. Louis, MO 63102
Telephone: (314) 345-4785
Facsimile: (314) 345-5465

*Attorneys for Defendant CITGO Petroleum
Corporation*


SHOOK, HARDY & BACON L.L.P.

By */s/ Todd W. Ruskamp* (with consent)____
Todd W. Ruskamp, MO #38625
Russell Shankland, MO #63238
Devan C. Rittler, MO #70326
2555 Grand Blvd.
Kansas City, Missouri 64108
Telephone: 816.474.6550
Facsimile: 816.421.5547
truskamp@shb.com

*Attorneys for Defendant Orscheln Farm and
Home, LLC*

WHITE, GRAHAM, BUCKLEY, & CARR, L.L.C.

By */s/ Gene P. Graham, Jr.* (with consent)
Gene P. Graham, Jr. MO 34950
Bryan T. White MO 58805
19049 East Valley View Parkway
Independence, Missouri 64055
(816) 373-9080 Fax: (816) 373-9319
ggraham@wagblaw.com
bwhite@wagblaw.com

and

HORN AYLWARD & BANDY, LLC

By: */s/ Dirk Hubbard* (with consent)
Thomas V. Bender, MO Bar #28099
Dirk Hubbard, MO Bar #37936
2600 Grand, Ste. 1100
Kansas City, MO 64108
(816) 421-0700
(816) 421-0899 (Fax)
dhubbard@hab-law.com

and

CLAYTON JONES, ATTORNEY AT LAW

By: */s/ Clayton Jones* (with consent)
Clayton Jones MO 51802
P.O. Box 257
405 W. 58 Hwy.
Raymore, MO 64083
Office: (816) 318-4266
Fax: (816) 318-4267
claytonjoneslaw.com

*Attorneys for Plaintiffs*

2

1766181