IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SHAWN HORNBECK, | ) |
| MONTE BURGESS, | ) |
| RAYMOND BIERI, | ) |
| DAN CHEVALIER, | ) |
| JAMES KIRCHER, | ) |
| JAMES SPENCER, | ) |
| JAMES MILLIGAN, | ) |
| RYAN MILLIGAN, | ) |
| ADAM SEVY, | ) |
| GEORGE BOLLIN, | ) |
| RANDY VILELA, | ) |
| REX CARLSON, | ) |
| DAVE CARLSON, | ) |
| TODD VOHS, | ) |
| WAYNE RUPE, | ) |
| RANDY ROHRSCHEIB, | ) |
| TWIN MILLS TIMBER & TIE CO.INC., | ) |
| MIKE KELLER, and, | ) |
| JAY SIMPSON, | ) |
|     each on behalf of himself | ) |
|     and others similarly situated; | ) |
|         Plaintiffs, | ) |
| | )    Case No. 18-00941-CV-W-BP |
|     v. | ) |
| | ) |
| ORSCHELN FARM AND HOME, LLC | ) |
| d/b/a ORSCHELN FARM AND HOME | ) |
| | ) |
| CITGO PETROLEUM CORPORATION | ) |
| | ) |
| THE FAMILY CENTER | ) |
| OF HARRISONVILLE, INC. | ) |
| | ) |
| -and- | ) |
| | ) |
| BLAIN SUPPLY, INC. | ) |
| d/b/a FARM & FLEET | ) |
| | ) |
|         Defendants. | ) |

# ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL
# OF CLASS ACTION SETTLEMENT

Upon review and consideration of the Motion for Preliminary Approval of the Class Action Settlement and the Settlement Agreement and Release with accompanying Exhibits, the motion, (Doc. 126), is **GRANTED** and the Court orders as follows:

1. The Court has carefully reviewed the Settlement Agreement and Release, as well as the files, records, and proceedings to date in the above-captioned action (the "Action"). The definitions in the Settlement Agreement and Release are hereby incorporated as though fully set forth in this Order, and capitalized terms shall have the meanings attributed to them in the Settlement Agreement and Release.

2. The Parties have agreed to settle the Action, subject to Court approval following notice to the proposed Settlement Class, upon the terms and conditions set forth in the Settlement Agreement and Release, which has been filed with the Court. The Settlement Agreement and Release, including all Exhibits thereto, is preliminarily approved as fair, reasonable, and adequate.

3. Plaintiffs, by and through their counsel, have investigated the facts and law relating to the matters alleged in the Third Amended Consolidated Class Action Complaint, including extensive legal research as to the sufficiency of the claims, and an evaluation of the risks associated with continued litigation, class certification, trial, and potential appeal.

4. The settlement was reached as a result of extensive arms-length negotiations between counsel for Plaintiffs and counsel for Defendants.

5. The Settlement confers substantial benefits upon the Settlement Class, particularly in light of the damages that Plaintiffs and Class Counsel believe are potentially recoverable or provable at trial, and does so without the costs, uncertainties, delays, and other risks associated with continued litigation, class certification, trial, and potential appeal.

6. The Court conditionally certifies, for settlement purposes only, the following settlement classes:

    a. All Persons and other entities who purchased CITGO-manufactured MileMaster 303 Tractor Hydraulic Fluid in the United States from Orscheln Farm and Home, LLC, Blain Supply Company, Fleet Wholesale Company, Inc., Mid-States Distributing Company, Inc., and/or other retailers at any point in time in the following package sizes during the following periods: (1) 3/2 gal. from January 23, 2017 to present; (2) 5 gal. from May 25, 2013 to present; or (3) 55 gal. from May 25, 2013 to present;

-and-

    b. All Persons and other entities who purchased CITGO-manufactured H-K 303 Tractor Transmission Hydraulic Fluid in the United States from Orscheln Farm and Home, LLC, Blain Supply Company, Fleet Wholesale Company, Inc., Mid-States Distributing Company, Inc., and/or other retailers at any point in time in the following package sizes during the following periods: (1) 3/2 gal. from May 25, 2013 to April 30, 2016; (2) 5 gal. from May 25, 2013 to March 21, 2019;

-and-

    c. All Persons and other entities who purchased Orscheln Premium 303 Tractor Hydraulic & Transmission Fluid in the United States from Orscheln Farm and Home, LLC at any point in time from September 3, 2014 to August 16, 2017;

-and-

d. All Persons and other entities who purchased CITGO-manufactured SuperTech 303 Tractor Hydraulic Oil in the United States from Walmart Inc. and/or other retailers at any point in time from February 17, 2016 to February 10, 2018.

The Settlement Class excludes purchases of the 303 THF Products made for resale. The Settlement Class also excludes Defendants, including any parent, subsidiary, affiliate or controlled person of Defendants; Defendants' officers, directors, agents, employees and their immediate family members; RG/2 and any parent, subsidiary, or controlled Person of RG/2; RG/2's officers, directors, agents, employees and their immediate family members; and the judicial officers assigned to this litigation and members of their staffs and immediate families.

7. Based on its review of the Settlement Agreement and Release, including all Exhibits thereto and on its familiarity with all of the files, records, and proceedings herein, the Court conditionally finds, for settlement purposes only and conditioned upon entry of the Final Approval Order and Judgment and the occurrence of the Effective Date, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class for purposes of settlement; (d) Plaintiffs have fairly and adequately represented the interests of the Settlement Class and will continue to do so, and Plaintiffs have retained experienced counsel to represent them; (e) for purposes of settlement, the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting any individual members of the

Settlement Class; and (f) for purposes of settlement, a class action is superior to the other available methods for the fair and efficient adjudication of the controversy. The Court also concludes that, because this Action is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a statewide class action involving the issues in this case. *See Amchem Prods.*, *Inc. v. Windsor*, 521 U.S. 591, 620 (1997). In making these findings, the Court has exercised its discretion in conditionally certifying, for settlement purposes only, the Settlement Class on a nationwide basis. Defendants retain all rights to assert that this Action may not be certified as a Class Action except for settlement purposes.

8. The Court appoints Tom Bender and Dirk Hubbard from the law firm Horn Aylward & Bandy in Kansas City, Missouri, Gene Graham, William Carr, and Bryan White from the law firm of White, Graham, Buckley & Carr, LLC, Clayton Jones of the Clayton Jones Law Firm, Paul D. Lundberg of the Lundberg Law Firm in Sioux City, Iowa; and, Jon D. Robinson, Shane M. Mendenhall, Joshua G. Rohrscheib, and Zachary T. Anderson of Bolen, Robinson, & Ellis, LLP in Decatur, Illinois, as counsel for the Class ("Class Counsel"). For purposes of these settlement approval proceedings, the Court finds that Class Counsel are competent and capable of exercising their responsibilities as Class Counsel. The Court designates named Plaintiffs Shawn Hornbeck, Monte Burgess, Raymond Bieri, Dan Chevalier, James Kircher, Adam Sevy, Wayne Rupe, Randy Rohrscheib, James Spencer, James Milligan, Ryan Milligan, George Bollin, Randy Vilela, Rex Carlson, David Carlson, Todd Vohs, Twin Mills Timber & Tie Co., Inc., Mike Keller, and Jay Simpson as the representatives of the Settlement Class. The Court further appoints RG/2 Claims Administration LLC to serve as the Settlement Administrator.

9. The Final Fairness Hearing shall be held before this Court on October 13, 2020, at 10:00 a.m., at the United States District Courthouse in Kansas City, Missouri, to determine whether

the Settlement Agreement and Release is fair, reasonable, and adequate and should receive final approval. The Court will rule on Class Counsel's application for an award of reasonable attorneys' fees and expenses (the "Fee Application") at that time. Papers in support of final approval of the Settlement Agreement and Release and the Fee Application shall be filed with the Court according to the schedule set forth below. The Final Fairness Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Settlement Class. After the Final Fairness Hearing, the Court may enter a Final Approval Order and Judgment in accordance with the Settlement Agreement and Release that will adjudicate the rights of the Settlement Class Members (as defined in the Settlement Agreement and Release) with respect to the claims being settled.

10. Pending the Final Fairness Hearing, all proceedings in the Action, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement and Release and this Order, are stayed.

11. In response to the inquiry from the Court, the Parties have agreed to amend paragraph 51 of the Settlement Agreement regarding the Direct Mail Notice that is to be provided, such that it will now read as follows:

> 51. Direct Mail Notice. Within thirty (30) calendar days after receipt of the information set forth in the immediately preceding paragraph, the Settlement Administrator shall mail, by bulk mailing to those Settlement Class Members for whom the Settlement Administrator has been provided 303 THF Products purchase information, the Mailed Class Notice Data, in the form attached to the Court's Preliminary Approval Order as <u>Exhibit D</u>, as approved by the Court, a Part B Claim Form, in the form attached to the

6

Case 4:18-cv-00941-BP   Document 135   Filed 03/06/20   Page 6 of 17

Court's Preliminary Approval Order as <u>Exhibit C-2</u>, as approved by the Court, and a Request for Correction Form, in the form attached to the Settlement Agreement as <u>Exhibit G</u>, as approved by the Court, to the last known mailing address of each Settlement Class Member for whom such information is available. With respect to Settlement Class Members for whom the Settlement Administrator does not have 303 THF Products purchase information, the Long Form Class Notice, in the form attached to the Settlement Agreement as <u>Exhibit E</u>, as approved by the Court, and a Part A and Part B Claim Form, in the form attached to the Court's Preliminary Approval Order as <u>Exhibit C-1</u>, as approved by the Court, shall be mailed, by bulk mailing, to the last known mailing address of each Settlement Class Member for whom such information is available. The date on which the Settlement Administrator first mails direct mail notice pursuant to this paragraph shall be the "Notice Date."

The Parties have also agreed to the replacement of former <u>Exhibit C</u> and <u>Exhibit D</u> with the attached <u>Exhibit C-1</u>, <u>Exhibit C-2</u>, and <u>Exhibit D</u>, although Exhibit C-2 shall be further amended to delete references to Part A of the Claim Form. With these amendments, the Court approves, as to form and content, the revised Claim Form <u>Exhibit C-1</u> and <u>Exhibit C-2</u>, attached to this Order, the revised <u>Exhibit D</u> Mailed Class Notice with Purchase Data attached to this Order, and the Long Form Class Notice and the Summary Class Notice, attached as <u>Exhibit E</u> and <u>Exhibit F</u>, respectively, to the Settlement Agreement and Release.

12. The Court finds that the Mailed Class Notice with Purchase Data, Long Form Class

Notice and Summary Class Notice are reasonable, that they constitute due, adequate, and sufficient notice to all persons entitled to receive notice, and that they meet the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure. Specifically, the Court finds that the manner of dissemination of the Mailed Class Notice with Purchase Data, Long Form Class Notice and Summary Class Notice described in the Settlement Administrator's Notice Plan and in the Settlement Agreement and Release complies with Rule 23(e) of the Federal Rules of Civil Procedure as it is a reasonable manner of providing notice to those Settlement Class Members who would be bound by the Settlement. The Court also finds that the manner of dissemination of the Mailed Class Notice with Purchase Data, Long Form Class Notice and Summary Class Notice described in the Settlement Administrator's Notice Plan and in the Settlement Agreement and Release complies with Rule 23(c)(2), as it is also the best practicable notice under the circumstances, provides individual notice to all Settlement Class Members who can be identified through a reasonable effort, and is reasonably calculated, under all the circumstances, to apprise the members of the Settlement Class of the pendency of this Action, the terms of the Settlement, and their right to object to the Settlement or exclude themselves from the Settlement Class.

13. As described in the the Settlement Administrator's Notice Plan and in the Settlement Agreement and Release, Settlement Class Members for whom purchase information of the 303 THF Products during the Class Period is available will receive a particularized Mailed Class Notice with Purchase Data, which sets forth the brand, number and size of their purchases of the 303 THF Products. These Class Members will not have to file any Claim Forms to receive a monetary award based on their 303 THF Product purchases set forth in the particularized Mailed Class Notice with Purchase Data. These Settlement Class Members, however, will have until the date identified herein to submit their Claim Form for relief under the Repairs/Parts/Specific

Equipment Damage Fund and all other Settlement Class Members will have until the date identified herein to submit their Claim Form for relief under the Reimbursement Fund and under the Repairs/Parts/Specific Equipment Damage Fund, which time is due, adequate, and sufficient time.

14. The Court Orders that notice shall be provided to the Settlement Class in compliance with the following procedure:

(a) Within ten (10) business days after entry of this Order, Defendants shall provide to the Settlement Administrator, to the extent available, the full name, last known address of each member of the Settlement Class and, where available, for each member of the Settlement Class the brand, number, and size of 303 THF Product units purchased during the Class Period. The Settlement Administrator shall keep all such information strictly confidential and shall use it solely for the purpose of administrating the Settlement.

(b) Within thirty (30) days after receipt of the information set forth in the immediately preceding paragraph, the Settlement Administrator shall mail, by bulk mailing, to those Settlement Class Members for whom the Settlement Administrator has been provided 303 THF Products purchase information, Mailed Class Notices with Purchase Data in substantially the form attached to this Preliminary Approval Order as Exhibit D, and including the Settlement Class Member's purchase data; a Part B Claim Form in the form attached to this Preliminary Approval Order as Exhibit C-2; and a Request for Correction Form in the form attached to the Settlement Agreement as Exhibit G, to the last known mailing address of each member of the Settlement Class. With respect to those Settlement Class Members for whom the Settlement Administrator does not have

such purchase information for 303 THF Products, the Long Form Class Notice in the form attached to the Settlement Agreement as <u>Exhibit E</u> and a Claim Form, which is the claim form and its instructions, substantially in the form attached to this Preliminary Approval Order as <u>Exhibit C-1</u>, shall be mailed, by bulk mailing, to the last known mailing address of each Settlement Class Member for whom such information is available. The date on which the Settlement Administrator first mails direct mail notice pursuant to this paragraph shall be the "Notice Date." For any initial direct mail notice that is returned as undeliverable within twenty-one (21) days after mailing, the Settlement Administrator shall attempt to locate a new address through an address search or any other reasonably available means. If a new address is located, the Settlement Administrator shall promptly re-mail the initial notice. If, after a second mailing, the notice is again returned, no further efforts need be taken by the Settlement Administrator to send the direct mail notice.

(c) Within thirty (30) days after entry of this Order, but no later than the Notice Date, the Settlement Administrator shall (i) secure and maintain a Post Office Box or similar mailing address for the receipt of Claim Forms, opt-out notices, and any other correspondence related to the Settlement; and (ii) establish a unique, case-specific e-mail address for online receipt of Claim Forms, opt-out notices, and any other correspondence related to the Settlement.

(d) Within thirty (30) days after entry of this Order, but no later than the Notice Date, the Settlement Administrator shall create and maintain an operating website that: (i) contains downloadable copies of the Preliminary Approval Order, Long Form Class Notice, the Settlement Agreement, Claim Form, Part B Claim Form, Request for

Correction Form, Repairs/Parts/Specific Equipment Damage Claims Review Process, and, when filed, Class Counsels' motions for reasonable attorneys' fees and expenses and for incentive awards for the Plaintiffs; (ii) will post any subsequent notices agreed upon by the Parties; and (iii) allows Settlement Class Members to submit Claim Forms and opt-outs. This website shall be referred to as the "Settlement Website."

(e) Within thirty (30) days after entry of this Order, but no later than the Notice Date, the Settlement Administrator shall set up a toll-free telephone number for receiving toll-free calls related to the Settlement. That telephone number shall be maintained until sixty (60) calendar days after the Bar Date. After that time, and for a period of ninety (90) calendar days thereafter, either a person or a recording will advise any caller to the toll-free telephone number that the deadline for submitting claims has passed and the details regarding the Settlement may be reviewed on the Settlement Website.

(f) On the Notice Date, or as close thereto as is reasonably practicable under the circumstances, the Settlement Administrator shall cause the Summary Class Notice in substantially the form attached to the Settlement Agreement as <u>Exhibit F</u> to be published in the publications and by the means recommended by the Settlement Administrator in the Notice Plan.

(g) The Notice Plan, including its reasonable fees, costs, and expenses, is approved by the Court. Hereinafter, the Settlement Administrator shall submit to Class Counsel, Defense Counsel, and the Court monthly reports reflecting the reasonable administration fees, costs, and expenses incurred as of the date of the report.

(h) The Settlement Administrator shall mail a Claim Form to each person and/or entity that makes such request.

15. Each Settlement Class Member who wishes to be excluded from the Settlement Class and follows the procedures set forth in this Paragraph shall be excluded.

   (a) Putative class members wishing to opt out of the Settlement must send to the Settlement Administrator on or before the Bar Date by fax, U.S. Mail, e-mail, or electronically via the Settlement Website a written request to be excluded from the Settlement. The request to be excluded from the Settlement Class must include the Settlement Class Member's name, address, and telephone number and provide a clear statement communicating that he, she, or it elects to be excluded from the Settlement Class, does not wish to be a Settlement Class Member, and elects to be excluded from any judgment entered pursuant to the Settlement.

   (b) Any request for exclusion or opt out sent to the Settlement Administrator by United States mail must be postmarked on or before the Bar Date. The date of the postmark on the mailing envelope shall be the exclusive means used to determine whether a request for exclusion sent by United States mail has been timely submitted.

   (c) Settlement Class Members who fail to submit a valid and timely request for exclusion on or before the date specified in this Order shall be bound by all terms of this Settlement Agreement and the Final Order and Judgment, regardless of whether they have requested exclusion from the Settlement. All persons or entities who properly elect to opt out of the settlement shall not be Settlement Class Members and shall relinquish their rights to benefits with respect to the Settlement Agreement and Release, should it be approved.

16. Any Settlement Class Member who has not timely submitted a written request for exclusion from the Settlement Class, and thus is a Settlement Class Member, may ask the Court to

12
Case 4:18-cv-00941-BP   Document 135   Filed 03/06/20   Page 12 of 17

deny approval by filing an objection. Settlement Class Members cannot ask the Court to order a larger settlement; the Court can only approve or deny the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If any Settlement Class Member wants that to happen, they must object in accordance with the following procedure:

(a) Any Settlement Class Member who intends to object to the fairness, reasonableness, or adequacy of the Settlement must, no later than the Bar Date: (i) file a written objection with the Court either by mailing that objection to the Office of the Clerk of Court, United States District Court for the Western District of Missouri, 400 E. 9th Street, Kansas City, Missouri, 64106, or by filing the objection in person at any location of the United States District Court for the Western District of Missouri, or by electronic filing; and (ii) serve a copy of the same on Class Counsel and Defense Counsel at the addresses set forth in the Settlement Agreement and Release.

(b) In the written objection, the Settlement Class Member must list the specific 303 THF Product purchase information as required on the Claim Form, state their full name, current address, telephone number, the reasons for the objection, whether he or she intends to appear at the fairness hearing on his or her own behalf or through counsel, and a list of all cases in which the objector or objector's counsel has objected to a class-action settlement in the last five (5) years. Any documents supporting the objection must also be attached to the written objection, and if the objecting Settlement Class Member intends to call witnesses at the Final Fairness Hearing, any such witness must be identified, including by providing each such witness's name, address and telephone number. Objections must be signed by the Settlement Class Member or by his, her, or its counsel. Any Settlement Class Member who fails to file and serve timely written

objections in the manner specified herein, shall be deemed to have waived all objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

(c) Any Settlement Class Member who has timely filed a written objection, as provided for herein, may appear at the Final Fairness Hearing, either in person or through an attorney hired at the Settlement Class Member's own expense, to object to the fairness, reasonableness, or adequacy of the Settlement. A Settlement Class Member, or his, her, or its attorney, intending to make an appearance at the Fairness Hearing must: (i) file a notice of appearance with the Court no later than ten (10) business days prior to the Final Fairness Hearing, or as the Court may otherwise direct; and (ii) serve a copy of such notice of appearance on counsel for all Parties.

17. Class Counsel shall file their Fee Application for reasonable attorneys' fees and expenses ten (10) business days before the Bar Date.

18. Papers in support of final approval of the Settlement Agreement and Release, and in response to any objections to the Settlement Agreement and Release or to Class Counsels' Fee Application, shall be filed with the Court ten (10) business days in advance of the date of the Final Fairness Hearing.

19. The Bar Date shall be one hundred fifty (150) calendar days after the Notice Date. The Bar Date may be extended by written agreement of the parties through Class Counsel and Defense Counsel without further approval of the Court or notice to the Settlement Class, provided that the settlement website administered by the Settlement Administrator shall be promptly updated to reflect any extension of the Bar Date.

20. These dates of performance may be extended by order of the Court, for good cause

14
Case 4:18-cv-00941-BP   Document 135   Filed 03/06/20   Page 14 of 17

shown, without further notice to the Settlement Class. Settlement Class Members may check the Settlement Website regularly for updates and further details regarding extensions of these dates of performance. Settlement Class Members may also access the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://www.mow.uscourts.gov/, or by visiting the office of the Clerk of the Court for the United States District Court for the Western District of Missouri, 400 E. 9th Street, Kansas City, Missouri, 64106, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

21. Notwithstanding any other provision of the Settlement Agreement and Release, if more than 2,000 Settlement Class Members opt out of the Settlement, Defendants, in their sole discretion, may rescind and revoke the entire Settlement and the Settlement Agreement and Release, thereby rendering the Settlement null and void in its entirety. To exercise this right, Defendants must send written notice to Class Counsel that Defendants revoke the Settlement within 10 (ten) business days following the date the Settlement Administrator reports to Class Counsel and Defense Counsel the number and identity of the opt outs. Such a written notice to revoke the Settlement pursuant to the terms and conditions of the Settlement Agreement shall constitute an Event of Termination.

22. If for any reason a Final Approval Order and Judgment as contemplated in the Settlement Agreement and Release is not entered, or the Settlement Agreement and Release is terminated pursuant to its terms for any reason, or the Effective Date does not occur for any reason, the following shall apply:

(a) All orders and findings entered in connection with the Settlement Agreement and Release shall become null and void and have no force and effect whatsoever, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or

15

Case 4:18-cv-00941-BP   Document 135   Filed 03/06/20   Page 15 of 17

discoverable in this or any other proceeding;

(b) The conditional certification of the Settlement Class pursuant to this Order shall be vacated automatically, and the Actions shall proceed as though the Settlement Class had never been certified pursuant to this Settlement Agreement and Release and such findings had never been made; and

(c) All of the Court's prior orders having nothing whatsoever to do with the certification of the Settlement Class shall, subject to this Order, remain in force and effect, subject to extensions or modifications of deadlines as appropriate under the circumstances and in the Court's discretion; and

(d) Nothing in this Order or pertaining to the Settlement Agreement and Release, including any of the documents or statements generated or received pursuant to the claims administration process, shall be used as evidence in any further proceeding in this case or in any other action, proceedings, or matter, whether civil, criminal, or administrative.

23. Pending final determination of whether the proposed settlement should be approved, no Settlement Class Member, directly, derivatively, in a representative capacity, or in any other capacity, may commence or continue, or assist others in commencing or continuing, any action against any of the Released Parties in any court or tribunal asserting any of the Released Claims (as that term is defined in the Settlement Agreement and Release).

24. RG/2 Claims Administration LLC is hereby appointed as Settlement Administrator for this settlement and shall perform all of the duties of the Settlement Administrator set forth in the Settlement Agreement and Release.

25. Nothing contained in this Order is, or may be construed as, a presumption, concession or admission by or against Defendants, or any Released Party (as that term is defined

16

in the Settlement Agreement and Release) of any alleged or asserted default, liability or wrongdoing as to any facts or claims alleged or asserted in the Action, or in any actions or proceedings, whether civil, criminal or administrative.

26. Class Counsel and Defense Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Settlement Agreement and Release, including making, without further approval of the Court, minor changes to the form or content of the Long Form Class Notice, Summary Class Notice, and other exhibits that they jointly agree are reasonable or necessary.

**IT IS SO ORDERED.**

DATE: March 6, 2020

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT