IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SHAWN HORNBECK, ) | |
| MONTE BURGESS, ) | |
| RAYMOND BIERI, ) | |
| DAN CHEVALIER, ) | |
| JAMES KIRCHER, ) | |
| JAMES SPENCER, ) | |
| JAMES MILLIGAN, ) | |
| RYAN MILLIGAN, ) | |
| ADAM SEVY, ) | |
| GEORGE BOLLIN, ) | |
| RANDY VILELA, ) | |
| REX CARLSON, ) | |
| DAVE CARLSON, ) | |
| TODD VOHS, ) | |
| WAYNE RUPE, ) | |
| RANDY ROHRSCHEIB, ) | |
| TWIN MILLS TIMBER & TIE CO.INC., ) | |
| MIKE KELLER, and, ) | |
| JAY SIMPSON, ) | |
|     each on behalf of himself ) | |
|     and others similarly situated; ) | |
|         Plaintiffs, ) | |
| ) | Case No. 18-00941-CV-W-BP |
|     v. ) | |
| ) | |
| ORSCHELN FARM AND HOME, LLC ) | |
| d/b/a ORSCHELN FARM AND HOME ) | |
| ) | |
| CITGO PETROLEUM CORPORATION ) | |
| ) | |
| THE FAMILY CENTER ) | |
| OF HARRISONVILLE, INC. ) | |
| ) | |
| -and- ) | |
| ) | |
| BLAIN SUPPLY, INC. ) | |
| d/b/a FARM & FLEET ) | |
| ) | |
|         Defendants. ) | |

# ORDER GRANTING (1) MOTION FOR INCENTIVE AWARDS AND ATTORNEY FEES AND (2) MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

On March 6, 2020, the Court preliminarily approved the proposed class action settlement between the parties in the above-captioned action (the "Action"). (Doc. No. 126). The also provisionally certified a Settlement Class for settlement purposes only, approved the procedure for giving notice and forms of notice, and set a Final Fairness Hearing to take place on October 13, 2020.

The October 13, 2020 hearing was held in the courtroom and open to the public. Counsel for the class and for Defendant CITGO Petroleum Corporation appeared via telephone; nobody appeared in person. No objections have been filed or otherwise presented. In advance of the hearing the Court reviewed the materials filed by the parties, including particularly (1) the Suggestions in Support of the Motion for Incentive Awards and Attorney Fees and (2) the Suggestions in Support of the Motion for Final Approval of the Class Action Settlement, as well as all attachments to those documents. After considering those materials as well as counsels' comments during the hearing, the Court finds that:

1. notice substantially in the form approved by the Court was given in the manner that the Court ordered,

2. the Settlement was the result of extensive arms-length negotiations between counsel for Plaintiffs and counsel for Defendants. Counsel for the parties are highly experienced in this type of litigation, with full knowledge of the risks inherent in this Action. The extent of legal research as to the sufficiency of the claims and class certification, independent investigations by counsel for the parties, and the factual record compiled, suffices to enable the parties to make an informed decision as to the fairness and adequacy of the Settlement, and

3. the proposed Settlement of the claims of the Settlement Class Members against Defendants, as well as the release of Defendants and the Released Parties (as that term is defined in the Settlement Agreement and Release), the significant relief provided to the Settlement Class Members in the form of monetary payments to Settlement Class Members as described in the Settlement Agreement and Release, the award of the reasonable attorneys' fees and expenses requested, and the incentive awards requested, are fair, reasonable and adequate, and within the range of reasonableness for Final Approval.

Accordingly, it is ORDERED that:

1. The Settlement Agreement and Release, including the Exhibits thereto, is expressly incorporated by reference into this Final Approval Order and Judgment and made a part hereof for all purposes. Except where otherwise noted, all capitalized terms used in this Final Approval Order and Judgment shall have the meanings set forth in the Settlement Agreement.

2. The Court has personal jurisdiction over the Parties and all Settlement Class Members, and has subject-matter jurisdiction over this Action, including, without limitation, jurisdiction to approve the proposed Settlement, to grant final certification of the Settlement Class, to settle and release all claims arising out of the transactions alleged in Plaintiffs' Third Amended Consolidated Class Action Complaint in the Action, and to dismiss this Action on the merits and with prejudice.

3. The Court finds, for settlement purposes only and conditioned upon the entry of this Final Approval Order and Judgment and upon the occurrence of the Effective Date (as that term is defined in the Settlement Agreement and Release), that the requirements for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied, for settlement purposes, in that: (a) the number of Settlement Class Members is so numerous that

joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class they seek to represent for purposes of settlement; (d) the Plaintiffs have fairly and adequately represented the interests of the Settlement Class and will continue to do so, and the Plaintiffs have retained experienced counsel to represent them; (e) for purposes of settlement, the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (f) for purposes of settlement, a class action is superior to the other available methods for the fair and efficient adjudication of the controversy. The Court also concludes that, because this Action is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a statewide class action involving the issues in this case. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). In making these findings, the Court has considered, among other factors: (i) the interests of Settlement Class Members in individually controlling the prosecution or defense of separate actions; (ii) the impracticability or inefficiency of prosecuting or defending separate actions; (iii) the extent and nature of any litigation concerning these claims already commenced; and (iv) the desirability of concentrating the litigation of the claims in a particular forum.

    4.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this Action for settlement purposes as a class action on behalf of:

> a. All Persons and other entities who purchased CITGO-manufactured MileMaster 303 Tractor Hydraulic Fluid in the United States from Orscheln Farm and Home, LLC, Blain Supply Company, Fleet Wholesale Company, Inc., Mid-States Distributing Company, Inc., and/or other retailers at any point in time in the following package sizes during the following periods: (1) 3/2

4

gal. from January 23, 2017 to present; (2) 5 gal. from May 25, 2013 to present; or (3) 55 gal. from May 25, 2013 to present;

-and-

b. All Persons and other entities who purchased CITGO-manufactured H-K 303 Tractor Transmission Hydraulic Fluid in the United States from Orscheln Farm and Home, LLC, Blain Supply Company, Fleet Wholesale Company, Inc., Mid-States Distributing Company, Inc., and/or other retailers at any point in time in the following package sizes during the following periods: (1) 3/2 gal. from May 25, 2013 to April 30, 2016; (2) 5 gal. from May 25, 2013 to March 21, 2019;

-and-

c. All Persons and other entities who purchased Orscheln Premium 303 Tractor Hydraulic & Transmission Fluid in the United States from Orscheln Farm and Home, LLC at any point in time from September 3, 2014 to August 16, 2017;

-and-

d. All Persons and other entities who purchased CITGO-manufactured SuperTech 303 Tractor Hydraulic Oil in the United States from Walmart Inc.

5

and/or other retailers at any point in time from February 17, 2016 to February 10, 2018.

The Settlement Class excludes purchases of the above-referenced products (the "303 THF Products") made for resale. The Settlement Class also excludes Defendants, including any parent, subsidiary, affiliate or controlled person of Defendants; Defendants' officers, directors, agents, employees and their immediate family members; RG/2 and any parent, subsidiary, or controlled Person of RG/2; RG/2's officers, directors, agents, employees and their immediate family members; and the judicial officers assigned to this litigation and members of their staffs and immediate families. As defined in the Settlement Agreement and Release, "Settlement Class Member(s)" means any member of the Settlement Class who does not timely elect exclusion or opt out from the Settlement Class pursuant to the terms and conditions for exclusion set out in the Settlement Agreement and Release and Preliminary Approval Order.

5. The Court appoints Tom Bender and Dirk Hubbard from the law firm Horn Alyward & Bandy in Kansas City, Missouri, Gene Graham, William Carr, and Bryan White from the law firm of White, Graham, Buckley & Carr, LLC, Clayton Jones of the Clayton Jones Law Firm, Paul D. Lundberg of the Lundberg Law Firm in Sioux City, Iowa; and Jon D. Robinson, Shane M. Mendenhall, Joshua G. Rohrscheib, and Zachary T. Anderson of Bolen, Robinson, & Ellis, LLP in Decatur, Illinois, as counsel for the Class ("Class Counsel"). The Court finds that Class Counsel are competent and capable of exercising their responsibilities as Class Counsel. The Court designates named Plaintiffs Shawn Hornbeck, Monte Burgess, Raymond Bieri, Dan Chevalier, James Kircher, Adam Sevy, Wayne Rupe, Randy Rohrscheib, James Spencer, James Milligan, Ryan Milligan, George Bollin, Randy Vilela, Rex Carlson, David Carlson, Todd Vohs,

6

Twin Mills Timber & Tie Co., Inc., Mike Keller, and Jay Simpson as the representative of the Settlement Class. The Court finds that the named Plaintiffs and Class Counsel have fully and adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement and have satisfied the requirements of Rule 23(a)(4) of the Federal Rules of Civil Procedure.

6.     The Court finds that the notice provided to Settlement Class Members is in accordance with the Notice Plan and the terms of the Settlement Agreement and this Court's Preliminary Approval Order, and as explained in the submissions filed before the Final Fairness Hearing:

(a)    constituted the best practicable notice to Settlement Class Members under the circumstances of this Action;

(b)    was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action, (ii) their right to exclude themselves from the Settlement Class and the proposed Settlement, (iii) their right to object to any aspect of the proposed Settlement (including final certification of the Settlement Class, the fairness, reasonableness or adequacy of the proposed Settlement, the adequacy of the Class Counsel and Plaintiffs' representation of the Settlement Class, and the award of reasonable attorneys' fees and expenses, and incentive awards), (iv) their right to appear at the Final Fairness Hearing (either on their own or through counsel hired at their own expense), and (v) the binding effect of the orders and Final Approval Order and Judgment in this Action, whether favorable or unfavorable, on all persons and entities who do not validly and timely request exclusion from the Settlement Class;

(c)    constituted reasonable, due, adequate, and sufficient notice to all persons and entities entitled to be provided with notice; and

7

(d) fully satisfied the requirements of the Federal Rules of Civil Procedure, including Rule 23(c)(2) and (e) of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of this Court, and any other applicable law.

7. The terms and provisions of the Settlement Agreement and Release, including any and all amendments and Exhibits, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable and adequate as to, and in the best interests of, the Plaintiffs and the Settlement Class Members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and any other applicable law. The Court finds that the Settlement Agreement and Release is fair, adequate and reasonable based on the following factors, among other things:

(a) There is no fraud or collusion underlying this Settlement, and it was reached after good faith, arms-length negotiations, warranting a presumption in favor of approval.

(b) The complexity, expense, and likely duration of the litigation favor settlement on behalf of the Settlement Class, which provides meaningful benefits on a much shorter time frame than otherwise possible. Based on the stage of the proceedings and the amount of investigation and discovery completed, the Parties have developed a sufficient factual record to evaluate their chances of success at trial and the proposed Settlement.

(c) The support of Class Counsel, who are highly skilled in class action litigation such as this, and the Plaintiffs, who have participated in this litigation and evaluated the proposed Settlement, also favors final approval.

8. The Settlement provides meaningful relief to the Settlement Class, including the monetary relief described below, and falls within the range of possible recoveries by the Settlement Class.

9. The parties are directed to consummate the Settlement Agreement and Release in accordance with its terms and conditions. The Court hereby declares that the Settlement Agreement and Release is binding on all parties and Settlement Class Members, and it is to be preclusive in all pending and future lawsuits or other proceedings.

10. As described more fully in the Settlement Agreement, Defendants have agreed to a Class Settlement Fund from which the Settlement Administrator will pay each Qualified Class Member an amount based on the member's total purchases of 303 THF Products during the Class Period, as well as any additional amount claimed for repairs, parts, or specific equipment damage.

11. Pursuant to Rule 23(h) of the Federal Rules of Civil Procedure, the Court hereby awards Class Counsel reasonable attorney's fees and expenses in the amount of $5,900,000.00. The Court awards incentive awards of $5,000.00 to each of the nineteen (19) named Class Representatives. The attorneys' fees and expenses are based on the amount of time class counsel reasonably expended working on this Action as well as the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974) (the "*Johnson* factors"), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989), and other applicable law. The attorneys' fees and expenses are to be paid separately by Defendant CITGO Petroleum Corporation ("CITGO") and do not come out of the Class Settlement Fund. CITGO shall pay such reasonable attorney's fees and expenses according to the schedule, and in the manner, described in the Settlement Agreement and Release. Such payment by CITGO will be in lieu of statutory fees

9

Plaintiffs and their attorneys might otherwise have been entitled to recover, and this amount shall be inclusive of all fees and expenses of Class Counsel in the Action.

12. This Action is hereby dismissed with prejudice and without costs as against Defendants and the Released Parties (as that term is defined in the Settlement Agreement and Release).

13. Upon the Effective Date, the Releasing Parties (as that term is defined in the Settlement Agreement and Release) shall be deemed to have, and by operation of the Final Approval Order and Judgment shall have, fully, finally and forever released, relinquished, and discharged all Released Claims against the Released Parties.

14. Members of the proposed Settlement Class identified in <u>Exhibit 1</u> to this Order, which is filed under seal, have opted out of, or sought exclusion from, the Settlement by the date set by the Court, are deemed not to be "Settlement Class Members" for purposes of this Order, do not release their claims against the Released Parties by operation of the Settlement Agreement, and will not obtain any benefits of the Settlement.

15. The Court orders that, upon the Effective Date, the Settlement Agreement and Release shall be the exclusive remedy for any and all Released Claims of Settlement Class Members. The Court thus hereby permanently bars and enjoins Plaintiffs, all Settlement Class Members, and all persons acting on behalf of, or in concert or participation with, such Plaintiffs or Settlement Class Members (including but not limited to the Releasing Parties), from: (a) filing, commencing, asserting, prosecuting, maintaining, pursuing, continuing, intervening in, or participating in, or receiving any benefits from, or assisting others in so doing, any lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based upon or asserting any of the Released Claims; (b) bringing a class action on behalf of Plaintiffs or

Settlement Class Members, seeking to certify a class that includes Plaintiffs or Settlement Class Members, or continuing to prosecute or participate in any previously filed and/or certified class action, or assisting others in so doing, in any lawsuit based upon or asserting any of the Released Claims.

16. Neither the Settlement Agreement and Release, nor any of its terms and provisions or Exhibits, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor any of the documents or statements generated or received pursuant to the settlement administration process, shall be:

(a) offered by any person or received against Defendants or any other Released Party as evidence, or be construed as or deemed to be evidence, of any presumption, concession, or admission by any Defendant or any other Released Party of the truth of the claims and allegations asserted, or which could have been asserted, by the Plaintiffs or any Settlement Class Member or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or other judicial or administrative proceeding, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any alleged liability, negligence, fault or wrongdoing of any Defendant or any other Released Party;

(b) offered by any person or received against Defendants or any other Released Party as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by Defendants or any other Released Party or any other alleged wrongdoing by any Defendant or any other Released Party.

17. Certification of the Settlement Class for settlement purposes only shall not be deemed a concession or admission that certification of a litigation class would be appropriate.

Defendants reserve all rights to assert that this Action may not be certified as a Class except for settlement purposes and reserve all rights to challenge class certification in any other action. No agreements or statements made by Defendants in connection with the Settlement, or any findings or rulings by the Court in connection with the Settlement, may be used by Plaintiffs, Class Counsel, any person in the Settlement Class, or any other person to establish any of the elements of class certification in any litigated certification proceedings, whether in the Action or any other proceeding of any kind.

18. The Court has jurisdiction to enter this Final Approval Order and Judgment. Without in any way affecting the finality of this Final Approval Order and Judgment, this Court expressly retains exclusive and continuing jurisdiction over the Parties, including the Settlement Class, and all matters relating to the administration, consummation, validity, enforcement and interpretation of the Settlement Agreement and Release, including any Exhibits thereto, and of this Final Approval Order and Judgment, including, without limitation, for the purpose of:

(a) enforcing the terms and conditions of the Settlement Agreement and Release and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement and Release or this Final Approval Order and Judgment (including, without limitation: whether a person or entity is or is not a Settlement Class Member; whether claims or causes of action allegedly related to this Action are or are not barred or released by this Final Approval Order and Judgment; and whether persons or entities are enjoined from pursuing any claims against Defendants or any other Released Party);

(b) entering such additional orders, if any, as may be necessary or appropriate to protect or effectuate this Final Approval Order and Judgment and the Settlement Agreement and Release (including, without limitation, orders enjoining persons or entities from pursuing any

claims against Defendants or any other Released Party), or to ensure the fair and orderly administration of the Settlement; and

(c) entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction over the Settlement Agreement and Release, the settling Parties, and the Settlement Class Members.

19. Without further order of the Court, the settling Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement and Release.

20. In the event that the Effective Date does not occur, certification of this Settlement Class shall be automatically vacated and this Final Approval Order and Judgment, and all other orders entered and releases delivered in connection herewith, shall be vacated and shall become null and void.

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
**DATE**: October 14, 2020          UNITED STATES DISTRICT COURT